# Osterhout, Appellant, *v.* Briggs.

*Judgment—Confession of judgment—Voidable judgment—Exhaustion of power—Striking off judgment.*

Where a judgment is entered on a judgment note prior to its maturity, such a judgment is an actual one, although voidable, and exhausts the warrant of attorney contained in the note, and if a second judgment is entered on the note after its maturity, and the defendant without notice of the first judgment and without unreasonable delay takes a rule to strike off both judgments, such a rule is properly made absolute.

Argued March 3, 1908.   Appeal, No. 19, March T., 1908, by plaintiff, from order of C. P. Wyoming Co., April T., 1903, No. 143, making absolute rule to strike off judgments in case of Lucy B. Osterhout v. H. B. Briggs and S. H. Briggs.   Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

170 . OSTERHOUT, Appellant, v. BRIGGS.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

Rule to strike off judgments. Before TERRY, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court making absolute
rule to strike off judgments.

*H. S. Harding*, for appellant.

No appearance nor paper-books for appellee.

OPINION BY PORTER, J., October 12, 1908:

The defendants executed and delivered to the plaintiff, for
a debt actually owing, on March 17, 1903, their judgment note
for the payment of $500, with interest, in three years and nine
months after date. The instrument contained a warrant of at-
torney authorizing a confession of judgment thereon "in any
court having jurisdiction, in term time or vacation, at any time
after the maturity of this note and before its payment." The
plaintiff caused judgment to be entered under the warrant of
attorney, by the prothonotary, on April 1, 1903, before the
maturity of the note. On December 18, 1906, one day after the
maturity of the note, H. S. Harding, Esq., filed a paper, in the
same proceeding in which the original judgment had been en-
tered, confessing judgment against the defendants in accord-
ance with the terms of the power of attorney in said note
contained," and at the same time filed a præcipe for a writ of
scire facias on said judgment, which execution issued the same
day. S. H. Briggs, one of the defendants, on December 31,
1906, filed his petition praying for a rule to stay the fi. fa. and
strike off the judgments. There is nothing in the record to in-
dicate that S. H. Briggs had notice of the entry of either of the
judgments prior to the filing of this petition. The court below
stayed the fi. fa. and after hearing struck off the judgments.
The plaintiff appeals from this order.

The first judgment having been prematurely entered was
irregular and voidable at the instance of the defendant, and
the appellee having proceeded in the proper manner to avoid
this judgment, it was properly stricken off: Eddy v. Smiley, 26

Pa. Superior Ct. 318; Allen v. Krips, 119 Pa. 1. The action of the plaintiff in causing the first judgment to be entered was a complete execution of the power conferred by the warrant of attorney and resulted in the entry of an actual judgment in a court having jurisdiction of the subject-matter; this judgment it is true was irregular and voidable at the instance of the defendant only, but it was not absolutely void, and as against parties other than the defendants it was not even voidable: Crosby v. Massey, 1 P. & W. 229; Hauer's Appeal, 5 W. & S. 473; Drexel's Appeal, 6 Pa. 272; Harres v. Commonwealth, 35 Pa. 416; Kohler v. Luckenbaugh, 84 Pa. 258; Harper v. Biles, 115 Pa. 594. The power conferred by the warrant of attorney was exhausted by the entry of the first judgment, although that judgment was irregular and liable to be defeated by the defendants in case they took proper action to that end and did not estop themselves by acquiescence. The second judgment was, therefore, likewise irregular and the court below committed no error in striking it off: Philadelphia v. Johnson, 23 Pa. Superior Ct. 591; s. c. 208 Pa. 645.

The order of the court below is affirmed and the appeal dismissed at costs of the appellant.