## Ginter v. Bloser et ux.

*John McCrea*, for plaintiff.
*F. J. Templeton*, for defendants.

REESE, P. J., July 10, 1943.—On June 26, 1939, defendants herein executed and delivered their promissory note, payable to plaintiff and due January 1, 1945, in the sum of $1,773.05. The note contained a confession of judgment in favor of the holder for the above sum "at any time after said note becomes due." On March 3, 1943, the prothonotary, on præcipe of the plaintiff, entered judgment on the note and issued a writ of fi. fa. On April 9, 1943, defendants filed a petition for a rule to strike off the judgment and the writ of

fi. fa. A rule was granted and answer was filed by plaintiff, and depositions were taken on behalf of both parties.

The depositions reveal that in 1936 defendants were indebted to one Theodore Weast in the sum of $3,-669.50, upon which indebtedness James G. Ginter was surety for defendants. In 1936 Ginter executed and delivered to Weast, as security, a mortgage on his real estate in the sum of $3,650, and on July 13, 1936, defendants executed and delivered to Weast a judgment note for $3,669.50, the amount of their indebtedness to him.

In 1939 defendants, who were tenants on a farm, negotiated a loan from the United States Farm Security Administration, and from the proceeds of the loan paid Weast $1,896. Later, Weast entered satisfaction to that extent on the margin of the record of the Ginter mortgage. In the meantime Ginter had transferred his real estate to himself and his wife, plaintiff herein, as tenants by the entirety, and before the transactions in 1939 Ginter had died, whereupon title to the real estate vested in his wife, plaintiff herein. When the Government loan was negotiated the Government insisted that both Weast and Mrs. Ginter sign so-called "nondisturbance agreements" for a period of five years. Accordingly, on June 26, 1939, Mrs. Ginter executed a "nondisturbance agreement" with the Government, which provided, inter alia: "Until January 1, 1945, the undersigned [Mrs. Ginter] will not disturb the borrower [defendants herein] in his use, possession, or enjoyment of, or proceed by execution, levy, foreclosure, or sell under power or otherwise, against any real or personal property in which the borrower may have or hereafter acquire any interest, unless the Government shall, prior thereto, repossess, levy on, or otherwise take possession of any such property to enforce its lien thereon."

On the same date defendants executed and delivered to Mrs. Ginter the note now in question, in the sum of $1,773.05, "due January 1st, 1945." As we see it, and nothing in the depositions tends to show otherwise, this note represented the balance of the prospective liability of the Ginter property for the amount of the indebtedness of defendants to Weast after payment to Weast of $1,896.

It is the contention of plaintiff herein that, although the note in question on its face was not due and payable until January 1, 1945, the maturity date actually was accelerated by an independent agreement between plaintiff and defendants herein, whereby the note would become due and payable at such time, prior to January 1, 1945, as the Government should repossess, levy on, or otherwise take possession of any of the property of defendants to enforce the lien created by the loan of the Government to defendants. Plaintiff further contends that this accelerating contingency occurred when defendants ceased their farming operations and, with the consent of the Government, advertised and sold their stock and equipment on condition that the Government would first be paid out of the proceeds of the sale.

Although we feel that we are not required, for reasons hereinafter appearing, to pass upon the merits of plaintiff's contention, we shall do so briefly. In our opinion, the depositions and the record do not reveal any agreement between plaintiff and defendants accelerating the maturity date of the note herein involved. The "nondisturbance agreement" between plaintiff and the Government certainly did not have this effect. An agreement between plaintiff and the Government could not change the terms of the note which constituted an agreement between plaintiff and defendants. In any event, under the "nondisturbance agreement" plaintiff agreed with the Government to take no steps against defendants before January 1, 1945, unless the Govern-

ment should, prior to that time, repossess or levy on the property of defendants. If defendants had given plaintiff a demand note, plaintiff by her agreement with the Government would have been bound by the terms of the "nondisturbance agreement". However, when plaintiff took from the defendants a note due January 1, 1945, which provided for a confession of judgment "at any time after said note becomes due", the terms of the note made it definitely sure that plaintiff would not and could not violate the condition in her "nondisturbance agreement" with the Government.

There is no other evidence revealed by the depositions which would establish any agreement, verbal or written, between plaintiff and defendants which would accelerate the maturity date of the note. Although we have passed on the merits of the plaintiff's contention, it is unnecessary to do so because we feel that on a rule to strike off judgment we should consider nothing but the face of the record. It is well settled that a judgment will be stricken off only for irregularities appearing on the face of the record: Harr, Secretary, et al. v. Bernheimer et al., 322 Pa. 412, 415.

" 'A judgment will be stricken off only because of defects which are apparent on the face of the record, and in disposing of such motion the court will not consider matters depending upon extrinsic proof . . .' ": Broadway National Bank of Scottdale v. Diskin, 105 Pa. Superior Ct. 279, 281.

It is to be noted that under the foregoing principles defendants herein could not *supply* a ground for striking off the judgment by extrinsic proof. In the case before us, however, there is a defect on the face of the note which would prevent the entry of judgment before January 1, 1945. A judgment note which contains a confession of judgment only after maturity of the note cannot be entered before maturity, and any judgment so entered will be stricken from the record upon motion of the defendant: Kuhns v. Chaffee, 24 Erie 6; Oster-

hout v. Briggs, 37 Pa. Superior Ct. 169; Pasco Rural Lighting Co. v. Roland et al. (No. 1), 88 Pa. Superior Ct. 245.

In the case before us plaintiff seeks to *nullify* by extrinsic proof the reason for striking off the judgment which is apparent on the face of the note. While we can find no authority which exactly rules on this precise question, we believe that the same principles should apply whether an effort is made by extrinsic proof to *supply* or *nullify* a reason for striking off a judgment. As already pointed out, the Superior Court, in Broadway National Bank of Scottdale v. Diskin, said:

" '. . . in disposing of such motion [to strike off a judgment] the court will not consider matters depending upon extrinsic proof.' "

There is another line of reasoning which leads to the same conclusion. The prothonotary entered judgment on the note herein under the authority given him by the Act of February 24, 1806, 4 Sm. L. 270, which authorizes a prothonotary to enter judgment by confession contained in a note, bond, or other instrument in writing, only for the amount which appears to be due on the face of the instrument. It has frequently been held that if the amount cannot be ascertained without resort to evidence dehors the writing the prothonotary is without authority to enter judgment: Carlisle Trust Co. v. Group, 23 D. & C. 215; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116; Lansdowne Bank & Trust Co. et al. v. Robinson et al., 303 Pa. 58. The case last cited gives as a reason for this principle that the prothonotary has no authority to accept evidence and to ascertain facts not appearing in the instrument to which the warrant of attorney is attached. In Meyers & Joly v. Freiling, supra, the court said (p. 118):

"Justification for bringing a defendant into court and fixing his liability in the conclusive form of a judgment on a warrant of attorney must be found in the terms of the instrument containing the authority, and

in the case of a prothonotary acting under the statute, is not to be extended beyond the definite power which the law confers."

Applying the foregoing principles, it definitely appears that the prothonotary should not have entered judgment on the confession appearing in the note, because the note confessed judgment "at any time after said note becomes due", and under the terms of the note it was not due until January 1, 1945. Hence, on the face of the note there was no authority to enter judgment prior to the latter date, and it would be improper under the authorities cited for the prothonotary to accept extrinsic evidence to ascertain a fact not appearing in the note, viz, whether or not the maturity date had been accelerated. If the entry of judgment was unauthorized, an order striking off the judgment is the appropriate remedy: Lansdowne Bank & Trust Co. et al. v. Robinson et al., supra, at page 63.

Plaintiff urges that we should not strike off the judgment because to do so would be highly inequitable, for the reason that since the entry of the judgment herein defendants have made an assignment for the benefit of creditors and if the present judgment is stricken off the plaintiff will lose her favorable position. If we examine the equities of the case we find that as a matter of fact defendants do not yet owe the plaintiff anything; the plaintiff stands in position of a surety for defendants as principals. Plaintiff, as surety, has not as yet been compelled to pay anything to the creditor Weast and until she does make a payment to the creditor on account of the indebtedness of her principals she is entitled to no reimbursement.

Finally, we call the attention of plaintiff to Osterhout v. Briggs, supra, and Bellevue Borough v. Hallett, 234 Pa. 191, which hold that the power to confess judgment authorized by a note is exhausted by entering judgment thereon, and that a subsequent judgment entered on the same confession after the prior judgment has been

stricken off for irregularities appearing on the face of the record will likewise be stricken off upon petition.

And now, July 10, 1943, the rule heretofore granted is made absolute, and the judgment and the writ of fi. fa. issued thereon are hereby stricken off.