Sterling Electric & Furniture Co., to use, Appellant, *v.* Irey.

Argued March 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel Melnick,* with him *Harry J. Martin, Jr.,* for appellant.

*Maurice M. Green,* for appellees.

OPINION BY WATKINS, J., April 16, 1959:

This is an appeal from an order of the Court of Common Pleas of Delaware County, making absolute a rule to strike off a judgment entered by Sterling Electric & Furniture Co., to the use of Ida Tonuci, plaintiff appellant, against Mrs. Hazel Irey and Frank Irey, appellee defendants. The note in question reads as follows:

"$1,379.88                                    3-21-51

"For value received, on or before March 21, 1952, the undersigned promise to pay to Sterling Electric Co., Thirteen Hundred and Seventy Nine and 88/100 Dollars, in 12 consecutive monthly installments from this date, of $      each, the first of which installment is due one month from the date of this note.

"In the event of default as above described, the undersigned do hereby authorize and empower any attorney of any Court of Record of Pennsylvania or elsewhere, to appear for and to enter and confess judgment against us or either of us for the above sum, with or without declaration filed, with costs of suit, release of errors and without stay of execution."

Judgment was entered on the note on December 10, 1951. An affidavit of non-military service and a residence certificate were also filed. On May 24, 1957 a sci. fa. to revive and fi. fa. were issued. The appellees then filed their petition to strike off the judgment on the ground that failure to aver a default on entry was fatal.

The question involved, therefore, is simply whether a judgment entered on a note, such as the above, authorizing any attorney to enter judgment "in the event

of default" is void, where no averment of default has been filed and the date of payment as provided in the note has not been reached.

We feel that the law is too well settled for any lengthy discussion of the subject. A warrant of attorney authorizing the entry of judgment must be strictly followed. *Kolf v. Lieberman,* 282 Pa. 479, 128 A. 122 (1925).

The authority contained in this note is clearly dependent upon default. Where authorization to enter a judgment by confession is dependent upon a default by the defendant there must be an averment of such default before the warrant can be exercised and a valid judgment entered. We believe this would be true if the blank providing for monthly payments had been filled. Even without this blank being filled the provision of "12 consecutive monthly installments from this date, of $ each, the first of which installment is due one month from the date of this note", might raise the possibility of default before the due date of March 21, 1952. Even so, where a warrant of attorney provides for an entry of judgment after default, there can be no entry of judgment without an averment of default. *Yezbak v. Croce,* 370 Pa. 263, 88 A. 2d 80 (1952); *West Penn Sand & Gravel Company v. Shippingport Sand Company,* 367 Pa. 218, 80 A. 2d 84 (1951); *Kolf v. Lieberman,* supra; *Jordan v. Kirschner,* 94 Pa. Superior Ct. 252 (1928); *Advance-Rumely Thresher Co., Inc., v. Frederick,* 98 Pa. Superior Ct. 560 (1930).

The instant case does not fall within the principle enunciated in *Home Credit Company v. Preston,* 99 Pa. Superior Ct. 457 (1930), where an averment or declaration was filed and its form was at issue. The Court held that although the declaration or averment did not use the word "default", the statement was a

sufficient allegation of default to fulfill the requirement of the warrant. See also: *Grant Constr. Co. for Use v. Stokes,* 109 Pa. Superior Ct. 421, 167 A. 643 (1933). There could be no such interpretation here because no averment or declaration of any kind was filed.

The contention of the appellant that the appellees were guilty of laches is without merit. Laches does not run against a void judgment. *Samango v. Hobbs,* 167 Pa. Superior Ct. 399, 75 A. 2d 17 (1950); *Peoples National Bank of Reynoldsville v. D. & M. Coal Co.,* 124 Pa. Superior Ct. 21, 187 A. 452 (1936); *Galli's Estate,* 340 Pa. 561, 17 A. 2d 899 (1941).

The contention of the appellant that an averment of default was unnecessary since the same was waived under the terms of the note by the language, "with or without declaration filed" was properly disposed of by Judge WILLIAM R. TOAL, of the court below, where he said, "The word declaration as used here refers to a statement of claim or complaint and such, of course, would be waived by such language. The same phrase was present in the case of *Advance-Rumely Thresher Co., Inc. v. Frederick,* 98 Pa. Superior Ct. 560, but the Superior Court did not hold that its presence would waive the necessity for the averment of default. Since the power to enter judgment in this case was contingent upon a default, said default must appear of record."

Order affirmed.