419 A.2d 698

CENTENNIAL BANK

v.

GERMANTOWN–STEVENS ACADEMY.

Appeal of PARKWAY DAY SCHOOL, the Corporate Successor
in the Interest of the Defendant,
Germantown–Stevens Academy.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed April 18, 1980.

136

---

Michael Minkin, Philadelphia, for appellant.

Richard D. Malmed, Philadelphia, for appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

* Judge DONALD E. WIEAND is sitting by special designation.

WIEAND, Judge:

Germantown–Stevens Academy has appealed from an order which dismissed its petition to strike a judgment confessed against it by Centennial Bank.

The judgment was entered on January 20, 1975 and was based on two separate notes containing warrants to confess judgments in favor of appellee bank. The first note was in the amount of $10,000, was dated June 8, 1972, and was executed in the name of Germantown Lutheran Association, Inc. The second note was for $5,000, was dated July 6, 1973, and was executed by and on behalf of Germantown Lutheran Academy. Appellee's complaint, filed pursuant to Pa.R. C.P. No. 2951 (b), averred that Germantown Lutheran Academy had merged with the Stevens School on May 1, 1974 and thereafter was known as Germantown–Stevens Academy. The total amount of the judgment, including unpaid interest, was $23,826.09.

On March 9, 1978, a motion to strike the judgment was filed on the grounds that the earlier note for $10,000 had been executed by Germantown Lutheran Association, Inc., a separate entity, and not by appellant's immediate predecessor, Germantown Lutheran Academy. The complaint, it was alleged, failed to aver any relationship between Germantown Lutheran Association, Inc. and Germantown–Stevens Academy. Appellee bank filed an answer asserting that Germantown Lutheran Academy and Germantown Lutheran Association, Inc. were one and the same entity and requesting permission to file an amendment to the complaint which alleged that fact. Appellee's answer also averred that it had been prejudiced by appellant's delay in moving to strike the judgment. The lower court held that appellant had been guilty of laches and refused to strike the judgment.

A warrant of attorney to confess judgment must be self–sustaining. It must be in writing and must be signed by the person to be bound by it. It is not to be foisted upon anyone by implication or by a non–specific reference. *Frantz Tractor Co., Inc. v. Wyoming Valley Nursery*, 384 Pa.

213, 120 A.2d 303 (1956); *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977). The entry of a valid judgment by confession can be accomplished only by strict adherence to the provisions of the warrant of attorney. Any doubt as to the validity of such a judgment must be resolved against the party entering the judgment. *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 293, 228 A.2d 887, 888 (1967); *Florida Crab House, Inc. v. Hake*, 259 Pa.Super. 230, 232, 393 A.2d 801, 803 (1978); *Solebury National Bank of New Hope v. Cairns*, supra, 252 Pa.Super. at 48, 380 A.2d at 1275.

 Appellant argues with considerable merit that the instant record discloses the entry of a judgment against it which, at least in part, has not been authorized by its predecessor corporation. The warrant to confess judgment was executed by one corporation, but judgment appears to have been entered against another, unrelated entity. The record offers no explanation for this inconsistency.

It has been held that where a second corporation has become invested with the rights and has assumed the burdens of the first corporation, whether by means of charter amendment, merger, consolidation or duly authorized succession, the "successor" corporation stands in place of the first corporation and is bound by a warrant of attorney to confess judgment executed by said first corporation. *Bankers Allied Mutual Insurance Company v. Lincoln Plan Corporation*, 42 D. & C.2d 241 (Adams Co. 1966). See also and compare: *Pittsburgh Terminal Coal Corporation v. Potts*, 92 Pa.Super. 1 (1927). The fact of succession, however, must be set forth in the complaint filed under Pa.R.C.P. No. 2951(b) or otherwise appear clearly and unambiguously on the record. The record, in brief, must be self–sustaining. Instantly, the record does not support a judgment against appellant on the note for $10,000.

 In *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 222, 80 A.2d 84, 86 (1951), the Supreme Court said: "It has always been held that formal

defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby." See also: *Aiken v. Mayberry,* 128 Pa.Super. 15, 193 A. 374 (1937). In reliance on this rule, appellee argues that the defect in the instant judgment is formal only and, therefore, it should be permitted to amend its complaint to supply the connecting link between Germantown Lutheran Association, Inc. and the Germantown–Stevens Academy. Our own review of the record persuades us that the defect is substantive and not merely formal. Our conclusion is strengthened by a review of the depositions of Otto R. Winter, whose signature appears on the note. Although he was able to identify the use to which the borrowed money was put, he was unable to identify specifically the corporate entity which had assumed liability for repayment and which had authorized confession of judgment for the amount remaining unpaid. Indeed, he was not certain why Germantown Lutheran Association, Inc. had been made a party to the note.

■ Appellee also contends that appellant's failure to act for more than three years after receiving notice of the judgment was unreasonable and should not bar a motion to strike the judgment. Where a judgment is confessed against a party who has not authorized the same, however, the judgment is void. Being void, it is a nullity and without legal effect. Hence, the passage of time does not enter into a consideration of its validity. For this reason, laches does not prevent appellant from attacking the judgment. *Haverford Township School District v. Herzog,* 314 Pa. 161, 171 A. 455 (1934); *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159 (1927); *Peoples National Bank of Reynoldsville v. D. & M. Coal Co.,* 124 Pa.Super. 21, 187 A. 452 (1936). See also: *Strickler v. United Elevator Co., Inc.,* 257 Pa.Super. 542, 391 A.2d 614 (1978).

The portion of the judgment which depends upon the warrant contained in the note executed by Germantown Lutheran Association, Inc. cannot be sustained and must be stricken. The remaining portion of the judgment is valid and should be sustained.

Reversed and remanded for the entry of an order consistent with the foregoing opinion.

VAN der VOORT, J., concurs in the result.