## Narrows Realty Company v. Vispi's Camelot Lounge, Ltd.

*Jerome L. Cohen,* for plaintiff.
*Elliott B. Edley,* for defendant.

DALESSANDRO, *J.,* June 4, 1985—

### NATURE OF PROCEEDINGS

This matter is before the court on defendant's petition to open and/or strike a money judgment entered by confession.

## HISTORY AND FACTS

On February 22, 1985, plaintiff filed a complaint in confession of judgment against defendant, demanding a money judgment in the amount of $220,727.13. In support of this demand, plaintiff alleges that on April 1, 1980, plaintiff and defendant entered into a lease agreement whereby plaintiff leased, for a term of 10 years, the use and occupancy of 'premises to defendant for the sum of $151,970.40, payable in monthly installments of $1,266.42. In the lease, defendant agreed to confess judgment for all rent reserved and any rent due, with the total to be applied to a 5 percent attorney's fee for collection. A rider attached to the lease provided that plaintiff would be responsible for repairing the premises in the event of fire. The complaint further alleges that plaintiff and defendant entered into an agreement modifying the original lease whereby plaintiff agreed to pay a maximum of $100,000 for improvements to the premises. Plaintiff avers that in return the defendant agreed to pay an "increased rental" of $1,321.51. This modification agreement was entered into on June 2, 1980. On February 22, 1985, plaintiff's attorney entered a confession of judgment in the amount of $220,727.13.

On March 15, 1985, defendant petitioned this court to open and/or strike the confession of judgment. As a basis for opening the judgment, defendant alleges that the lease modification does not represent the intentions of the parties; defendant contends that plaintiff procured the modification by fraud, in an attempt to have defendant pay for fire damage. Additionally, defendant avers that the additional rental payments of $1,321.51 called for in the modification actually represent installments on a

loan repayment and thus are not subject to the confession of judgment. In support of its petition to strike, defendant contends that the lease modification does not authorize the confession of judgment and that the amount of judgment is not clearly shown by plaintiff's complaint and exhibits.

On March 15, 1985, a rule was issued upon plaintiff by this court to show cause why the money judgment previously entered should not be opened and/or stricken. Subsequently, plaintiff filed a reply to defendant's petition on April 8, 1985, in which it alleges that the lease modification was not procured by fraud and that the agreement represents the true intention of the parties in that the agreement calls for additional rental payments and not repayments on a loan.

## DISCUSSION AND LAW

Defendant petitions this court to open and/or strike the judgment entered on behalf of plaintiff. After careful review, we conclude that this judgment should not only be opened, but should be stricken.

It is well settled that one who petitions to open a confessed judgment must act promptly and aver a meritorious defense. Wenger v. Ziegler, 424 Pa. 268, 226 A.2d 653 (1967). Defendant here has acted promptly so the issue narrows to whether or not the defendant alleges a meritorious defense. In pertinent part, Pa.R.C.P. 2959(e) provides that:

"If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." In testing the sufficiency of the evidence, the alleged facts and reasonable inferences flowing therefrom must be accepted as true and viewed in a light most favor-

able to the moving party. Greenwood v. Kadoich, 239 Pa. Super. 372, 357 A.2d 604 (1976). In light of these principles, this court finds that defendant presents a defense sufficient to open the confession of judgment.

Defendant's main contention is that the lease modification agreement does not represent the true intentions of the parties. In essence, defendant contends that the modification agreement was procured by fraud and the rental payments called for in the modification actually represent repayments of a loan and thus are not properly part of the confession of judgment. In support of this contention, defendant submits a letter of demand from plaintiff which breaks down amounts due from defendant into two categories, rent and loan payments. This letter provides crucial support for defendant's defense; it creates doubt as to plaintiff's right to confess judgment for any amounts allegedly due under the lease modification agreement. Any doubt as to the adequacy of defendant's defense to confession of judgment must be resolved in favor of opening the judgment. See Mayfair Auto Tag Service, Inc. v. Knox, 28 Bucks L.R. 310 (1976). Additionally, defendant's allegations of fraud in the inducement of the lease modification provides sufficient reason to open the judgment. An allegation of fraudulent inducement has been held to be a basis to open a confession of judgment. Tilo Co. v. Lentz, 89 York Leg. Rec. 100 (1975). When taken together, defendant's contentions of mistaken intentions and fraudulent inducement regarding the modification provide a sufficient basis for opening the confession of judgment.

Additionally, defendant seeks the judgment entered in favor of plaintiff to be stricken. The power to confess judgment will be construed strictly against the party in whose favor it is given. Yellow

C. Co. of P. v. Carpol R. Co., Inc., 221 Pa. Super. 132, 289 A.2d 241 (1972). The Pennsylvania Supreme Court has stated that:

"A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed." Cutler Corporation v. Latshaw, 374 Pa. 1, 4-5, 97 A.2d 234, 236 (1953). In light of the above principles, a party seeking a confession of judgment faces a difficult burden; plaintiff in the present case has failed to meet such a burden.

The power to confess judgment must be contained in a writing signed by the person to be bound; the power cannot be implied or raised by nonspecific reference. Centennial Bk. v. Germantown-Stevens Acad., 277 Pa. Super. 134, 419 A.2d 698 (1980). The present plaintiff sought a confession of judgment for amounts arising from the lease-modification agreement; however, the lease-modification agreement is silent as to the rights of the parties to confess judgment. Although the original lease between the parties contains a confession of judgment provision, the modification agreement is insufficient to raise the implication that the confession of judgment provision of the original lease applies to the modification agreement; the power to confess judgment cannot be raised by implication. See Centennial Bk., supra.

662

Because the power to confess judgment is an oppressive weapon, this court must be vigilant in making certain that the power to do so is clear. The power to confess judgment pursuant to the lease-modification agreement is certainly not clear enough to save the judgment from being stricken. Thus, it is necessary to strike the entire judgment, as it includes an item which is wholly unauthorized by the confession of judgment provision of the parties' agreement. See Housing Mtge. C. v. Tower Dev. & Inv. C., 402 Pa. 388, 167 A.2d 146 (1961).

For the foregoing reasons, the confession of judgment must be opened and stricken. An appropriate order will be entered.

### ORDER

Now, this June 4, 1985, it is hereby ordered that defendant's petition to open and/or strike money judgment entered by confession is granted in both respects.