256

494 A.2d 454

Emily KEIPER, Surviving Spouse and Heir of Leon L. Keiper, Deceased, for the Use of Leon L. Keiper (Dec'd), Ray B. Keiper (Dec'd), Joye Keiper, Allen A. Keiper (Dec'd), Glendora G. Keiper, Fame Keiper Elwine, Individually and as Heirs of Sarah A. Keiper (Dec'd), Appellants at No. 3040,

v.

Burton H. KEIPER, Deceased, and William Elwine, Executor of the Estate of Burton H. Keiper, Deceased, Appellants at No. 3284.

Superior Court of Pennsylvania.

Argued May 7, 1984.

Filed June 7, 1985.

Mark S. Love, Stroudsburg, for appellants (at No. 3040), for appellees (at No. 3284).

Anna C. Tiracchia, Stroudsburg, for appellant (at No. 3284).

Before SPAETH, President Judge, and CAVANAUGH, WIEAND, CIRILLO, MONTEMURO, POPOVICH and HOFFMAN, JJ.

**POPOVICH, Judge:**

This appeal presents the narrow issue of whether a premature entry of confession of judgment renders the judgment void or merely voidable. We hold that the defect is voidable, and, under the circumstances of this case, must reverse the action of the lower court in striking the judgment.

This matter involves cross-appeals,[1] one from the order granting the petition to strike the judgment, and the other from the lower court's order dismissing the petition to open the judgment.

The somewhat unusual facts are these: On December 22, 1944, judgment was confessed and entered on the following note:

$15,800.00 East Stroudsburg, Pa., Dec. 22, 1944 1 year after date I promise to pay to the order of Leon L. Ray B. Joye J. Allen A. Glendora G. and Fame Keiper and my wife Sarah A. Keiper Fifteen Thousand Eight Hundred Dollars at the

EAST STROUDSBURG NATIONAL BANK

without defalcation for value received, and if not paid upon maturity ..... hereby authorize the Prothonotary to enter judgment for said sum with costs and Attorney's commission, and do hereby waive the right of inquisition, exemption and stay of execution.

Burton H. Keiper [L.S.]

_____ [L.S.]

1. The plaintiffs below, Emily Keiper, surviving spouse and heir of Leon L. Keiper, deceased, for the use of Leon L. Keiper, deceased, Ray B. Keiper, deceased, Joye Keiper, Allen A. Keiper, deceased, Glendora G. Keiper, Fame Keiper Elwine, individually and heirs of Sarah A. Keiper, deceased, have appealed from that part of the order striking the judgment. The defendants below, Burton H. Keiper, deceased, and William Elwine, Executor of the Estate of Burton H. Keiper, deceased, have appealed from that part of the order dismissing the petition to open. Since both plaintiffs and defendants below have filed cross appeals, in order to avoid confusion we will refer to the parties as plaintiffs and defendants rather than as appellants and appellees in this opinion.

We emphasize to the reader that the prothonotary was authorized to enter judgment only if the sum was not paid upon maturity, i.e. one year later, and it is undisputed that the judgment was indeed entered prematurely. Three amicable revivals were filed subsequently, and a partial release from judgment was filed enabling the original debtor to convey certain real estate. Burton H. Keiper died on July 3, 1977. When plaintiff filed a praecipe for a writ of revival, only then, after 34 years of record, was the judgment attacked. After an answer and preliminary objections by the parties, judgment was entered against the defendants on the Writ of Revival. In the meantime, however, defendants filed petitions to open and to strike the judgment. Finally, on November 18, 1981, the lower court dismissed the petition to open judgment for lack of an explanation for the delay in filing the same, but the court did grant the petition to strike the judgment holding that the prothonotary acted without authority since there was no—and could not be at that early stage—affidavit of default. Moreover, the court held that the defective judgment was not susceptible to curative amendment, and, by necessary implication, the judgment was void—not merely voidable—when prematurely entered 37 years earlier, three amicable revivals notwithstanding. The lower court also ruled that laches was not a defense since a void judgment is a nullity without legal effect. In dismissing the petition to open, however, it was held that defendants made no attempt to explain the delay in presenting it.

The court below in its comprehensive opinion examined the cases which bear on our conclusion instantly. Nevertheless its analysis of the effects of a defective judgment exposes once again the difficulty in resolving the issue, a difficulty which seems always to arise out of the rather imprecise use of words in describing a judgment being assailed. By labelling a judgment "defective" or "irregular" or "invalid" one does not dispose of the ultimate issue of whether the defect, irregularity or invalidity renders the

judgment void or voidable, but rather merely begs the question.

Instantly, it is conceded that the judgment having been entered prematurely was defective on its face. The defect is clear, but is it a defect that renders the judgment void, that is, of no effect, potency or value, irretrievably and incurably lost? Or is the judgment rendered merely voidable at the instance of the defendant?

We hold that established precedent mandates an affirmative response to the latter question.

Apparently the leading case which has been cited over the years with approval is *Osterhout v. Briggs*, 37 Pa.Super. 169 (1908). There, as here, judgment was confessed on a note *prior* to maturity although the warrant authorized confession of judgment only *after* maturity. One day after maturity plaintiff again confessed judgment and at the same time filed a praecipe for a writ of *scire facias*. Defendant thereupon filed his motion to strike both judgments, and both judgments were stricken. On appeal this court ruled as follows:

> The first judgment having been prematurely entered was *irregular and voidable at the instance of the defendant,* and the appellee having proceeded in the proper manner to avoid this judgment, it was properly stricken off: *Eddy v. Smiley*, 26 Pa.Superior Ct. 318; *Allen v. Krips*, 119 Pa. 1 [12 A. 759]. The action of the plaintiff in causing the first judgment to be entered was a complete execution of the power conferred by the warrant of attorney and resulted in the entry of an actual judgment in a court having jurisdiction of the subject-matter; this judgment it is true was irregular and voidable at the instance of the defendant only, *but it was not absolutely void, and as against parties other than the defendants it was not even voidable; Crosby v. Massey*, 1 P. & W. 229; *Hauer's Appeal*, 5 W. & S. 473; *Drexel's Appeal*, 6 Pa. 272; *Harres v. Commonwealth*, 35 Pa. 416; *Kohler v. Luckenbaugh*, 84 Pa. 258; *Harper v. Biles*, 115 Pa. 594 [8 A. 446]. The power conferred by the warrant of

attorney was exhausted by the entry of the first judgment, although that judgment was irregular and liable to be defeated by the defendants in case they took proper action to that end and did not estop themselves by acquiescence. The second judgment was, therefore, likewise irregular and the court below committed no error in striking it off; *Philadelphia v. Johnson,* 23 Pa.Superior Ct. 591; s.c. 208 Pa. 645. (Emphasis supplied) *Id.* at 170, 171.

Precisely one year later, our Supreme Court, faced with a closely similar fact situation to *Osterhout* in *Commonwealth v. Massi,* 225 Pa. 548, 74 A. 419 (1909), confirmed the correctness of *Osterhout:*

In the present case the court below relied also upon *Osterhout v. Briggs,* which does rule this case very closely. The facts are very much the same, except that the judgment there was entered on an ordinary judgment note, while here it is on a bail bond.

We see no merit in the suggested distinction that the judgment in the case at bar was void, and not voidable merely. It was voidable; but, if the *defendant had not raised the question that it was prematurely entered, it would have stood upon the record as a valid judgment.* As regarded parties other than the defendants, it was not even voidable. This principle is clearly set forth in the opinion of the Superior Court in *Osterhout v. Briggs,* 37 Pa.Super.Ct. 169, *supra,* and is sustained by the cases there cited. *Id.* 74 A. at 420. (Emphasis supplied)

Subsequently, *International Harvester Co. v. Tuscarora Township,* 43 Pa.Super. 410 (1910) and *Pasco Rural Lighting Co. v. Roland,* 88 Pa.Super. 245 (1926) relied on *Osterhout* for the proposition that a premature entry of judgment renders the judgment voidable only.

However, we do not arrive at our decision without addressing and distinguishing the seemingly conflicting language and conclusion in *Sterling Electric and Furniture Co. v. Irey,* 189 Pa.Super. 450, 150 A.2d 363 (1959) where the court, rather ingenuously one might observe, said, "We feel that the law is too well settled for any lengthy discus-

sion of the subject." There the question before this court was whether a judgment entered on a note authorizing entry of judgment in event of default was *void* where no averment of default was filed and the date of payment as provided in the note was not reached. This court in *Sterling* held that there must be an averment of default before the warrant to confess judgment can be exercised and a *valid* judgment entered. Later in the brief opinion, this court said that laches do not run against a *void* judgment.

Thus, it is clear that the *Sterling* court incorrectly characterized the defective judgment there as a void judgment rather than a voidable judgment. But the issue in *Sterling* was not dependent on whether the defect rendered the judgment void or voidable because the parties seeking the striking of the judgment were the defendants, and the void/voidable distinction was of no moment to them. The question hinged on whether there was a defect on the record by virtue of the absence of an averment of default, a defect vulnerable to an attack by the debtor. Instantly, the defendants are *not* the original debtor. However, this does not foreclose the estate of the decedent/Burton H. Keiper from presenting a defense on his behalf as a party litigant.[2]

Continuing, we see that in *Sterling*, this court properly affirmed the striking of the defective judgment not because

---

**2.** Albeit the defendant/executor is not the original debtor, this fact is not dispositive of whether he can act now on behalf of the decedent.

It must be conceded that Burton H. Keiper was a party to the action begun in December of 1944 with the confession of judgment. Consequently, at the time of Burton's death, the cause of action involving him had commenced. Given the aforesaid, we go on to observe that under Pa.R.Civ.P. 2351, a "successor" is defined as anyone "who by operation of law, election or appointment has succeeded to the interest or office *of a party to an action.*" (Emphasis added) Further, Pa.R.Civ.P. 2352(a) and (b) provides the method for the substitution in a "pending action" of a "successor" to a "party to a pending action."

In the case at bar, because William Elwine is the personal representative of the estate of Burton H. Keiper, he is clearly a "successor" to an interest of Burton in a "pending action" so as to permit him to assert any defense which could have been proffered by the decedent/Burton H. Keiper. Compare *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970); *First Nat. Bank of Verona v. Walsh*, 349 Pa. 241, 37 A.2d 130 (1944).

the judgment was void (as it was there unfortunately but irrelevantly labelled) but because the defect rendered the judgment voidable at the instance of the defendant.

This vital distinction vividly appears in *Industrial Valley Bank and Trust Co. v. Lawrence Voluck Associates, Inc.,* 285 Pa.Super. 499; 428 A.2d 156 (1981) where again the issue was whether a claimed default was a condition precedent to the entry of confessed judgments. In reaffirming the principle that a judgment entered prior to default without an averment thereof when the warrant requires such is *invalid,* nowhere in this court's opinion are the words void and voidable used. For the proper disposition of the issue in *Voluck,* the distinction between a void and voidable judgment was not necessary; whether there was a defect in the judgment was the crucial inquiry. So that, as to these defendants, if it were determined that a defect was apparent on the record, the judgments would have been stricken and opened, respectively.[3]

■ We conclude, therefore, that in 1944 when judgment was entered admittedly prematurely, the invalidity or defect rendered the judgment voidable at the instance of the obligor. In like fashion, the amicable actions reviving the voidable judgment would preclude the original obligor/decedent from asserting, as a defense warranting a motion to strike, the premature entry of judgment. *Cf. Wilkes-Barre Deposit & Savings Bank v. Hermann et al.,* 334 Pa. 560, 565, 6 A.2d 496, 498 (1939) ("Here the delay has been more than twelve years; two amicable sci. fa.'s have been executed by appellee[/co-obligor]. * * * The doctrine of laches should be applied. * * * By the issuance of a sci. fa. and judgment thereon, or by the filing of an amicable sci. fa., the validity of the original judgment by confession is

**3.** The necessary implication of the *Voluck* decision is that had there been a pre-condition of default, the defect would have rendered the judgment *voidable* and would have been stricken at the instance of the defendants. This court used the word "invalid", a comprehensive adjective that does not differentiate as to whether the invalidity renders the judgment void or voidable.

recognized and, in the absence of strong equitable require-ments, its voidable character is lost.").

As stated in *Osterhout*, the premature entry of judgment was voidable and subject to "be[ing] defeated[/stricken] by the defendants[/original debtors] in case they took proper action to that end *and did not estop themselves by acqui-escence.*" Here, the successor in interest to the original debtor's defense, the estate of the decedent, is foreclos-ed/estopped, as the decedent would be, from attacking the validity of the initially voidable judgment because of "acqui-escence" in the form of the several agreements to revive the confessed judgment of 1944. *Wilkes-Barre Deposit & Savings Bank v. Hermann et al., supra.* The lower court's order being to the contrary, it is hereby reversed and the judgment is reinstated.

■■■ Whether the denial of petition to open judgment was a proper one is accordingly easily resolved. Here we apply the time-honored test cited in *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967), i.e., 1.) the petition must have been promptly filed; and 2.) a meritorious defense must have been averred. Instantly, notwithstanding the defend-ants' awareness of the judgment for almost three decades no adequate excuse has been offered for the long delay in filing the petition to open judgment. Consequently, we find no abuse of discretion by the court below in denying the petition to open.

Order reversed in part and affirmed in part.

SPAETH, President Judge, files a concurring opinion, joined by WIEAND, J. and MONTEMURO, J.

CAVANAUGH, J., files a concurring and dissenting opin-ion.

SPAETH, President Judge, concurring:

I agree that the order denying the petition to open should be affirmed, and on this issue I join the majority. I also agree that the order granting the petition to strike should

be reversed, but my reasons for this conclusion differ from the majority's.

In concurring in *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981), I expressed the opinion that our decision in a case such as this should not depend upon whether the judgment is characterized as "void" or "voidable." I recognize that for many years our decisions have depended—as both the majority's opinion and Judge CAVANAUGH's concurring and dissenting opinion do depend—on how the judgment is characterized. As the *Restatement (First) of Judgments* (1942) codified the prevailing view, a void judgment, that is, one rendered by a court lacking jurisdiction or concerning which certain procedural requirements are lacking, is a legal nullity for all purposes and subject to direct or collateral attack at any time. *Id.* at § 11. *See also Romberger v. Romberger*, 290 Pa. 454, 457, 139 A. 159, 160 (1927) (void judgment is "a mere blur on the record [which it is] ... the duty of the court of its own motion to strike off, whenever its attention is called to it."); *Centennial Bank v. Germantown-Stevens Academy*, 277 Pa.Super. 134, 139, 419 A.2d 698, 700 (1980) ("Where a judgment is confessed against a party who has not authorized the same, ... the judgment is void. Being void it is a nullity and without legal effect."); 10 *Standard Pennsylvania Practice* 405 ("[a] void judgment is a nullity and has no legal effect.") Nevertheless, the better approach, I suggest, is the approach proposed by the drafters of the *Restatement (Second) of Judgments* (1982). They propose that judgments should not be automatically avoided simply as a consequence of being labelled "void," but rather that

> ... the judgment may be subject to avoidance and hence being treated as a legal nullity, depending on the nature of the defect concerning the particular requirement, the opportunity that the complaining party had to challenge the defect, and whether there has been reliance on the judgment since its rendition.

*Id.* at Ch. 2, 19.

The drafters explained this substantial shift from the approach taken by the drafters of the *Restatement (First)* by noting that although the approach they proposed was more "complex", "[t]his complexity reflects not uncertainty about the importance of finality but recognition that a broad array of circumstances can be relevant in deciding whether the point of finality should be deemed to have been reached." They continued:

> The question of validity comes up only if the plaintiff, at least assertedly, has done something seriously wrong in attempting to pursue a legal remedy (failing to give proper notice, choosing the wrong court, etc.). Furthermore, the question comes up in connection with an attack on a judgment only if the defendant has omitted to raise the defect until after judgment had been rendered. Thus, both sides may have blundered. In the cases involving such situations, there are often indications that presentation of the merits was also mishandled. Not infrequently, the question of validity is evidently being litigated by a successor to the counsel who was originally involved. The point of all this is that the question of validity often arises in a context in which there is also serious doubt about the quality of the adjudication in other respects. As a result, it often can be said with equal meaning that a judgment ought to be avoided because it is invalid and that it ought to be regarded as invalid because it should be avoided. It seems better frankly to recognize this relationship than to attempt wholly to isolate the concept of validity as such.

*Id.* at Ch. 2, 20.

The *Restatement (Second)* thus would require that a court determine the effect of a judgment not by deciding whether to call it "void" or "voidable," but rather by deciding, upon an analysis of all surrounding circumstances, whether the law ought to recognize the judgment as final.

■ I remain of the opinion that we should adopt the approach proposed by the *Restatement (Second)*. Doing so, I have no difficulty in concluding that the judgment here should be recognized as final, which is to say, that the

petition to strike it should have been denied. Whether or not the prothonotary's premature entry of the judgment was a substantial defect, the judgment should be recognized as final both because of the length of time it went unchallenged,[1] and because of the manifest acquiescence by defendants' decedent[2] in its validity.[3] The original note was signed on December 12, 1944, and it was, by its terms, to mature one year later. Judgment was confessed and entered the same day. (R.R. at 1a, 7a) Only in 1978, thirty-four years later, and one year after defendants' decedent died, did defendants first challenge the validity of the judgment. (R.R. at 17a) Prior to that date, however, defendants' decedent had consented three times, without litigation, to the revival of the judgment. (R.R. at 2a—1/9/50; 3a (4/18/68); 4a (1/18/73)). In addition, he had sought and received a partial release from the judgment one year prior to his death, to enable him to convey land encumbered by the note. (R.R. at 4a, Brief for Plaintiff at 4) On none of these four occasions was any attack made on the validity of the original judgment. In these circumstances, plaintiffs reasonably relied on the validity of the judgment, and it ought not "be subject to avoidance and ... treated as a legal nullity." *Restatement (Second) of Judgments, supra* at Ch. 2, 19.

1. Since I do not rest my decision on whether the judgment here is characterized as "void" or "voidable," *see infra*, I do not address the issue of whether we ought to reconsider the rule that laches may not run against a void judgment. *See, e.g., Strickler v. United Elevator Co.*, 257 Pa.Super. 542, 391 A.2d 614 (1978).

2. This is the designation of the parties chosen by the majority. At 258 n. 1.

3. The trial court relied on *Green Ridge Bank v. Edwards*, 247 Pa.Super. 231, 372 A.2d 23 (1977) (SPAETH, J.), where we held that a subsequent revival of a "void" judgment cannot render the judgment enforceable. This is but a corollary of the rule that a void judgment is a legal nullity for all purposes. When, however, as I believe we now should do, we rest our decision not on whether we label a judgment "void," but rather upon an examination of all the circumstances of the judgment, then a defendant's acquiescence in the validity of the judgment becomes a relevant consideration, just as does the length of time the judgment has remained unchallenged. *See Restatement (Second) of Judgments, supra* at Ch. 2, 19–20.

Accordingly, I should affirm the trial court's order denying the petition to open but reverse its order granting the petition to strike.

WIEAND and MONTEMURO, JJ., joins this concurring opinion.

CAVANAUGH, Judge, concurring and dissenting:

I join in the majority's affirmance of the order by the court below denying the petition to open judgment. I dissent from that part of the majority opinion reversing the order striking the judgment. The majority finds that the entry of judgment prior to default was merely voidable, and not void and that the court below erred in striking the judgment. The majority relies on several early cases decided in the period from 1908 to 1926. The court dismisses the decision in *Sterling Electric and Furniture Co. v. Irey*, 189 Pa.Super. 450, 150 A.2d 363 (1959) by observing that the *Sterling* court "incorrectly characterized the defective judgment there as a void judgment rather than an voidable judgment." The majority does acknowledge that there is "seemingly conflicting language and conclusion" in *Sterling*, supra.

The recent decision in *Centennial Bank v. Germantown Stevens Academy*, 277 Pa.Super. 134, 139, 419 A.2d 698, 700 (1980), summarizes the situation before us as follows:

Where a judgment is confessed against a party who has not authorized the same, however, the judgment is void. Being void, it is a nullity and without legal effect. Hence, the passage of time does not enter into a consideration of its validity. For this reason, laches does not prevent appellant from attacking the judgment. *Haverford Township School District v. Herzog*, 314 Pa. 161, 171 A. 455 (1934); *Romberger v. Romberger*, 290 Pa. 454, 139 A. 159 (1927); *Peoples National Bank of Reynoldsville v. D. & M. Coal Co.*, 124 Pa.Super. 21, 187 A. 452 (1936). See also: *Strickler v. United Elevator Co., Inc.*, 257 Pa.Super. 542, 391 A.2d 614 (1978).

In the instant case the original judgment entered in 1944 was invalid as there had been no default when it was entered. In *Kolf v. Lieberman*, 282 Pa. 479, 128 A. 122 (1925) the written obligation contained a warrant authorizing entry of judgment "after default". Judgment was entered without an averment of default. The Supreme Court held that the judgment should have been stricken and stated at 282 Pa. 482, 128 A. 123: "[I]n entering judgment under a warrant of attorney it is a well-settled rule that the authority given thereunder must be strictly followed or judgment cannot be sustained." Although one may authorize entry of judgment by confession "he is certainly entitled to have the exercise of the power confined most strictly to the terms of the authorization so as to prevent its misuse or abuse." *Park-Main Co. v. Fayette National Bank and Trust Company*, 397 Pa. 75, 79, 152 A.2d 714, 716 (1959). *See also Sterling Electric and Furniture Co. v. Irey*, 189 Pa.Super. 450, 150 A.2d 363 (1959).[1] A court is bound to strike off a judgment improper on its face as an abuse of the authority of the warrant. *Grady v. Schiffer*, 384 Pa. 302, 121 A.2d 71 (1956). As noted in *Industrial Valley Bank and Trust Company v. Lawrence Voluck Associates, Inc.*, 285 Pa.Super. 499, 503, 428 A.2d 156, 159 (1981): "If a warrant of attorney in a confession of judgment clause authorizes entry of a judgment by confession only after default, *a judgment entered prior to default* or without an averment of default *is invalid.*" (Emphasis added). The entry of the judgment in this case was invalid and the defense of laches does not apply to the petition to strike. *Centennial Bank v. Germantown Stevens Academy*, 277 Pa.Super. 134, 419 A.2d 698 (1980).

1. In the instant case, when the judgment was entered there was no averment of default and none could properly have been filed. "Legal authorities dating back to the early days of the Commonwealth" have pointed out the necessity of an averment of default. *Roche v. Rankin*, 406 Pa. 92, 96, 176 A.2d 668, 671 (1962). "If the warrant of attorney authorizes the entry of judgment 'after default' it is necessary to file an averment of default before the entry of judgment." *Rose v. Cohen*, 193 Pa.Super. 454, 459, 165 A.2d 264 (1960).

270

I would hold that the entry of a judgment by confession prior to the maturity of a note, where the confession clause authorizes entry of judgment if not paid upon maturity, renders the judgment void. In such circumstances the defense of laches, an equitable defense, is not applicable to a petition to strike, and the court below properly granted the petition to strike.

Accordingly, I would affirm the order of the court below in its entirety.