**OSPREY PORTFOLIO, LLC, Appellee**

v.

**George IZETT, Appellant.**

Superior Court of Pennsylvania.

Argued July 13, 2011.

Filed Nov. 21, 2011.

Richard S. Julie, Philadelphia, for appellant.

Anthony P. Tabasso, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., MUSMANNO and FITZGERALD *, JJ.

OPINION BY MUSMANNO, J.:

George Izett ("Izett") appeals from the Order denying his Petition to Strike and/or Open ("Petition to Strike/Open") a confessed judgment against him and in favor of Osprey Portfolio, LLC ("Osprey"). We affirm.

On September 9, 1999, First Union National Bank ("the Bank") entered into a commercial loan transaction with Izett Manufacturing, Inc. ("the Business"). The loan was evidenced by a promissory note ("the Note"), whereby the Bank agreed to lend the Business up to $50,000.[1] Izett signed the Note in his capacity as the Vice President of the Business. As further security for the loan, on the same date, Izett executed a guaranty under seal ("the Guaranty"), whereby Izett agreed to unconditionally guarantee timely payment of all sums due under the loan to the Bank and its successors or assigns.

Subsequently, in November 2001, the Bank sold the loan to Osprey and assigned Osprey the Note and the Guaranty. In December 2005, Osprey sent a letter to Izett notifying him that he was in default of the loan based upon his failure to make payments when due. Osprey demanded that Izett immediately pay the principal amount due on the loan, $50,000, plus approximately $25,000 in interest. Izett did not pay Osprey.

In June 2010, Osprey commenced this action by filing a Complaint in confession of judgment against Izett. On June 15, 2010, judgment was entered against Izett in the amount of $85,473.42 plus interest.

Upon receiving notice of the judgment, Izett timely filed a Petition to Strike/Open. According to Izett, the judgment was void since, *inter alia,* Osprey had failed to file its Complaint within the four-year statute of limitations codified at 42 Pa.C.S.A. § 5525, which Izett claimed was the applicable statute. After a hearing, the trial court entered an Order on January 10, 2011, denying the Petition to Strike/Open. The trial court found that the applicable statute of limitations was the twenty-year statute governing instruments under seal, set forth at 42 Pa.C.S.A. § 5529(b)(1), and therefore, Osprey's action was timely. Izett timely filed a Notice of appeal.

On appeal, Izett raises the following question for our review: "Whether the Trial Court erred in holding that a suit on [ ] Izett's Guaranty, which forms the basis of Osprey's claims, is governed by a twenty-year statute of limitations pursuant to 42 Pa.C.S. § 5529, rather than a four-year statute of limitations pursuant to 42 Pa. C.S. § 5525?" Brief for Appellant at 4.

 Our standard of review is well settled.

We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment. A petition to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the record. Similarly, we review [an] order denying [an] Appellant's petition to open [a] confessed judgment for an abuse of discretion.

\* \* \*

* Former Justice specially assigned to the Superior Court.

1. Specifically, the Business "promise[d] to pay to the order of [the] Bank ... the sum of Fifty Thousand and No/100 Dollars ($50,-000.00) or such sum as may be advanced and outstanding from time to time, with interest on the unpaid principal balance...." Promissory Note, 9/9/99, at 1.

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.,* the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.... When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.,* testimony, depositions, admissions, and other evidence, may be considered by the court.

*Hazer v. Zabala,* 26 A.3d 1166, 1169 (Pa.Super.2011) (citations omitted).

We will first set forth the statutes of limitations at issue. The four-year statute, codified at 42 Pa.C.S.A. § 5525, provides, in relevant part, as follows:

(a) **General rule.**— ... the following actions and proceedings must be commenced within four years:

\* \* \*

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), un-

der seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5525(a)(7), (8). Section 5529(b)(1) of the Judicial Code, governing "[i]nstruments under seal," provides that "[n]otwithstanding section 5525[ (a) ](7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years." 42 Pa.C.S.A. § 5529(b)(1).

■ Izett argues that the applicable statute of limitations is four years and, since Osprey undisputedly failed to commence its action within four years after the action accrued, the judgment against Izett is void. Brief for Appellant at 12. Izett concedes that the Guaranty was signed under seal, as the word "SEAL" was printed to the right of the signature line, and that the twenty-year statute of limitations applies to *"instruments* under seal." *Id.* at 10. However, Izett contends that the twenty-year statute is inapplicable because the Guaranty is not an "instrument." *Id.* at 13. According to Izett,

[t]he Trial Court adopted a dictionary definition of "instrument," holding that, as used in Section 5529(b)(1), the term encompasses *any* written contract. Accordingly, the Trial Court held, any written contract which is executed under seal is subject to a twenty-year statute of limitations. This holding is at odds with the decisions of other Pennsylvania courts—including this Court—and would render meaningless another Pennsylvania statute, which provides a four-year statute of limitations for an action upon a written contract "under seal or otherwise."

*Id.* at 10 (emphasis in original) (quoting 42 Pa.C.S.A. § 5525(a)(8)). Accordingly, Izett contends that the trial court erred in

denying his Petition to Strike/Open. Brief for Appellant at 10, 20. We disagree.

Since the term "instrument" is not defined in the Judicial Code, pursuant to the Statutory Construction Act, the term must be given its ordinary meaning.[2] *See* 1 Pa.C.S.A. § 1903(a) (providing, in relevant part, that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . ."); *see also In re Estate of Snyder,* 13 A.3d 509, 513 (Pa.Super.2011) (applying the dictionary definition of the term "instrument" in analyzing sections 5525 and 5529 of the Judicial Code, the statutes of limitations at issue in the instant case). Black's Law Dictionary defines "instrument" as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note," or "in fact, any written or printed document that may have to be interpreted by the Courts." BLACK'S LAW DICTIONARY 813 (8th ed.2004); *see also In re Estate of Snyder,* 13 A.3d at 513 (setting forth the above definition of "instrument" and holding that the documents under seal in that case, memorializing a mortgage, along with documents under seal memorializing two bond and warrant securities underlying each mortgage, were "instruments" because each document defined the rights, duties, entitlements, and liabilities of the parties involved).

Under this definition, we determine that the Guaranty, which was undisputedly signed under seal, is, in fact, an "instrument" because it defines the rights, duties, entitlements, and liabilities of the parties involved, and therefore, the applicable statute of limitations is the twenty-year statute set forth in 42 Pa.C.S.A.

§ 5529(b)(1). *See In re Estate of Snyder,* 13 A.3d at 513 (holding that the twenty-year statute of limitations applied to the action and stating that "this Court has held, in accord with many cases written by our Supreme Court, that when a party signs an instrument which contains a pre-printed word 'SEAL,' that party has presumptively signed an instrument under seal." (citation and brackets omitted)); *see also Robert Mallery Lumber Corp. v. B. & F. Assocs., Inc.,* 294 Pa.Super. 503, 440 A.2d 579, 582 (1982) (referring to a guaranty as an "instrument"); *accord Marcucci v. H & L Developers, Inc.,* 2009 WL 5177767 at *6–7, 2009 U.S. Dist. LEXIS 121769 at *21 (E.D.Pa.2009) (holding that, under Pennsylvania law, a guaranty wherein the word "SEAL" was printed to the right of the signature line constituted a "sealed instrument" and was governed by the twenty-year statute of limitations set forth in section 5529(b)(1)).

In support of his claim that the Guaranty is not an instrument, Izett relies upon a provision of the Uniform Commercial Code ("the UCC") governing negotiable instruments. Specifically, Izett points out that section 3104(b) of the UCC defines "instrument" as "a negotiable instrument." 13 Pa.C.S.A. § 3104(b); *see also* Brief for Appellant at 13. Izett further points out that section 3104(a) of the UCC provides, *inter alia,* that " 'negotiable instrument' means an ***unconditional promise*** or order ***to pay a fixed amount of money,*** with or without interest or other charges described in the promise or order. . . ." Brief for Appellant at 13 (quoting 13 Pa.C.S.A. § 3104(a) (emphasis supplied by Izett)). According to Izett, under this definition, the Guaranty is not a negotiable instrument, as it was not an unconditional promise or for a fixed amount of money. *See* Brief for Appellant

**2.** We note that the Supreme Court of Pennsylvania has not addressed the issue of the definition of "instrument" as that term is used in

the Judicial Code or the interplay between sections 5525(a)(8) and 5529(b)(1) of the Judicial Code.

at 13–14. Since the Guaranty is not a negotiable instrument, Izett contends, it is thus not an "instrument." *Id.* at 13, 15; *see also* 13 Pa.C.S.A. § 3104(b). Izett also claims that a provision of the Judicial Code concerning statutes of limitations "expressly provides that the provisions of the [UCC] control over the statutes of limitations set forth in the provisions of the Judicial Code." Brief for Appellant at 13 n. 4 (citing 42 Pa.C.S.A. § 5501(b)).

We find Izett's arguments unpersuasive for the following reasons. First, as stated above, this Court has held that, when interpreting sections 5525 and 5529 of the Judicial Code, this Court shall apply the *dictionary definition* of the term "instrument", not the definition of "instrument" as set forth in the UCC. *In re Estate of Snyder*, 13 A.3d at 513. Further, the focus of section 3104 of the UCC is not on whether a particular document is an "instrument", but rather, whether it is a *"negotiable* instrument." *See* 13 Pa.C.S.A. § 3104 (statute titled "Negotiable instrument."); *see also id.* § 3102(a) (providing that "[t]his division applies to negotiable instruments."). Additionally, Izett's reliance upon section 5501(b) of the Judicial Code is misplaced. Section 5501(b) states that "[t]he provisions of Title 13 (relating to commercial code), *to the extent that they are inconsistent with this chapter,* shall control over the provisions of this chapter." 42 Pa.C.S.A. § 5501(b) (emphasis added). Since the Judicial Code does not define the term "instrument", there is no provision of the Judicial Code that is in conflict with the UCC. Accordingly, the provisions of the UCC do not govern this case.

Finally, Izett relies heavily upon *Cadle Co. v. Allshouse*, 2007 Pa. Dist. & Cnty. Dec. LEXIS 102 (Westmoreland Cty.2007) (*aff'd,* 959 A.2d 455 (Pa.Super.2008) (unpublished memorandum)), which Izett contends establishes that the Guaranty is not an instrument. *See* Brief for Appellant at 15–17. Initially, we note that the decision of the Court of Common Pleas in *Cadle* is not binding on this Court. *See Safe Auto Ins. Co. v. Berlin,* 991 A.2d 327, 335 n. 5 (Pa.Super.2010). Likewise, since this Court in *Cadle* affirmed the trial court's decision in an unpublished memorandum, it has no precedential value. *See Russock v. AAA Mid–Atlantic Ins. Co.,* 898 A.2d 636, 638 (Pa.Super.2006). In any event, after review of both this Court's and the Common Pleas court's decision in *Cadle,* we find the reasoning advanced therein unpersuasive.

In *Cadle,* this Court and the Court of Common Pleas held that the document sued upon, a line of credit agreement, did not constitute an "instrument" under the twenty-year statute of limitations set forth in 42 Pa.C.S.A. § 5529(b)(1). The Courts based this holding upon the determination that the line of credit agreement did not fall under the definition of "instrument" *as that term is set forth in the UCC. See Cadle,* 2007 Pa. Dist. & Cnty. Dec. LEXIS 102 at **4–6; *see also* 13 Pa.C.S.A. § 3104(b) (stating, " 'Instrument' means a negotiable instrument."). As stated above, the definitional provisions of the UCC are inapplicable to define the term "instrument" as it is used in the Judicial Code.

Since we conclude that the Guaranty is an instrument under seal governed by the twenty-year statute of limitations in 42 Pa.C.S.A. § 5529(b)(1), Osprey's action is thus timely. Accordingly, the trial court did not abuse its discretion in denying Izett's Petition to Strike/Open.

Order affirmed.

FITZGERALD, J., files a Concurring Opinion.

CONCURRING OPINION BY FITZGERALD, J.:

I respectfully concur in the result because, in my view, the word "similar" lim-

its the scope of the word "instrument," as that term appears in 42 Pa.C.S. § 5529(b)(1).

I briefly state the guidelines for statutory interpretation:

> Because statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary. The object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. When the words of a statute are clear and free from all ambiguity, their plain language is generally the best indication of legislative intent.

*Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 953 (Pa.Super.2011) (*per curiam*) (citations, punctuation, and formatting omitted).

The statutes at issue follow:

### § 5525. Four year limitation

\*　　\*　　\*

(a) General rule. Except as provided for in subsection (b), the following actions and proceedings must be commenced within four years:

\*　　\*　　\*

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action

subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525(a)(7)-(8).

### § 5529. Twenty year limitation

\*　　\*　　\*

**(b) Instruments under seal.—**

(1) Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years.

42 Pa.C.S. § 5529(b)(1).

In *Twp. of Indiana v. Acquisitions & Mergers, Inc.*, 770 A.2d 364 (Pa.Cmwlth. 2001) (*"Indiana"*),[3] the Commonwealth Court examined whether the agreements at issue were "contracts under seal, in which case [the] action [was] barred under the four-year limitation period, or whether the agreements [were] instruments under seal, in which case [the] action [was] timely under the 20–year limitation period." *Id.* at 375. In resolving this issue, the *Indiana* Court examined the interplay between 42 Pa.C.S. § 5525 and 42 Pa.C.S. § 5529. After comparing the two statutes, the *Indiana* Court held:

> Based on a collective reading of these statutory provisions we conclude the following: (1) the four-year limitation period set forth in § 5525(7) applies to negotiable and nonnegotiable bonds, notes or other similar instruments in writing that **are not** under seal; (2) the 20–year limitation period set forth in § 5529(b)(1) applies to negotiable and nonnegotiable bonds, notes or other similar instruments in writing that **are** under seal; and (3) the four-year limitation period set forth in § 5525(8) applies to all contracts in writing that do not constitute negotiable or nonnegotiable bonds, notes or other similar instru-

---

**3.** Although *Indiana* does not bind this Court, I find it persuasive. *See In re Estate of Brown*, 30 A.3d 1200, 1205 n. 2 (Pa.Super.2011) (stating, "[a]lthough decisions by the Commonwealth Court are not binding on this Court, they may be persuasive.").

ments, **irrespective of whether or not the contract is under seal.** *Indiana,* 770 A.2d at 376. Applying this rationale, the *Indiana* Court opined that the agreements were more akin to contracts under seal than instruments under seal, and thus a four-year statute of limitation applied. *Id.*

A bond is

[a] written promise to pay money or do some act if certain circumstances occur or a certain time elapses; a promise that is defeasible upon a condition subsequent; esp., an instrument under seal by which (1) a public officer undertakes to pay a sum of money if he or she does not faithfully discharge the responsibilities of office, or (2) a surety undertakes that if the public officer does not do so, the surety will be liable in a penal sum.

Black's Law Dictionary 200 (9th ed.2009) ("Black's"). A note is a "written promise by one party (the **maker**) to pay money to another party (the **payee**) or to bearer. ● A note is a two-party negotiable instrument, unlike a draft (which is a three-party instrument)." *Id.* at 1162. A guaranty is defined as follows:

A promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another who is liable in the first instance. ● The term is most common in finance and banking contexts. While a warranty relates to things (not persons), is not collateral, and need not be in writing, a guaranty is an undertaking that a person will pay or do some act, is collateral to the duty of the primary obligor, and must be in writing.

*Id.* at 773.

In my view, the term "instrument" is limited by the term "similar." *See*

*Indiana,* 770 A.2d at 376. Because the statute employs the word "similar," I examine whether the under-seal instrument at issue—if it is not a bond or note—is sufficiently **similar** to a bond or note as to warrant a twenty-year limitation period. In my opinion, a guaranty is an instrument similar to a bond or note. A guaranty "is an undertaking that a person will pay," akin to a bond or a note, *i.e.,* written promises to pay money. *Cf.* Black's at 773, *with id.* at 200, *and id.* at 1162. Although I acknowledge the differences among the three instruments,[4] I conclude that under the unique facts of this case, the instant under-seal guaranty—an instrument—is sufficiently similar to a bond or note—also instruments—such that a twenty-year limitation period applies. *See Indiana,* 770 A.2d at 376. Accordingly, I respectfully concur in the result.

---

4. For example, a " 'bond' is a long term debt security while a 'note' is usually a shorter term obligation." *Id.* at 202 (quoting Robert

W. Hamilton, The *Law of Corporations in a Nutshell* 128 (3d ed.1991)).