2019 PA Super 190

| | | |
|---|---|---|
| ROBERT W. DRISCOLL, JR. | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN A. ARENA | : | |
| | : | |
| Appellee | : | No. 226 EDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03288, May Term, 2016

| | | |
|---|---|---|
| ROBERT W. DRISCOLL, JR. | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN A. ARENA | : | |
| | : | |
| Appellee | : | No. 228 EDA 2017 |

Appeal from the Order Entered December 30, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03293, May Term, 2016

| | | |
|---|---|---|
| ROBERT W. DRISCOLL, JR. | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS ARENA | : | |
| | : | |
| Appellee | : | No. 286 EDA 2017 |

Appeal from the Order Entered December 14, 2016

J-E03003-18

In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03286, May Term, 2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, PANELLA, LAZARUS,
         OTT, STABILE, DUBOW, and MURRAY, JJ.

OPINION BY STABILE, J.:                          **FILED JUNE 17, 2019**

Appellant, Robert W. Driscoll, Jr., appeals from the orders entered December 14, 19, and 20, 2016, granting the petitions of Appellees, Thomas Arena and John A. Arena, to strike confessed judgments. We vacate and remand.

Appellant filed confessed judgments in these three consolidated matters on May 25, 2016 and served Appellees, who are located in Massachusetts, on June 1, 2016. The confessed judgments arose from Appellees' default on three promissory notes—two executed (one by each Appellee) on March 24, 2005 and one executed (by Appellee John A. Arena) on October 27, 2009. On June 22, 2016, Appellees retained local counsel in Philadelphia. On June 28, 2016, Appellees, through Massachusetts counsel, filed a notice of removal in the United States District Court for the District of Massachusetts. Massachusetts counsel attempted to send notice of the removal to the Philadelphia County Court of Common Pleas but inexplicably sent the notice to the wrong address.[1] The certified dockets do not reflect receipt by the trial

_____

[1] Appellees' Massachusetts counsel addressed the notice of removal to "Court of Common Pleas, Philadelphia City Hall, Chestnut Street, Philadelphia, PA,

- 2 -

court of any notice of removal. There is no indication in the record that Appellees' Massachusetts counsel was admitted to practice in Pennsylvania, or admitted *pro hac vice* for these cases.

Appellees' removal petition was improper for at least two reasons. Pursuant to the federal removal statute, Appellees should have filed the removal petition in the Eastern District of Pennsylvania, where the underlying state action was pending: "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]" 28 U.S.C. § 1446(a).

Further, Appellees' failure to serve the state court was improper:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). There is no indication in the record that Appellees attempted to confirm whether the Philadelphia County Court of Common Pleas received the removal notices. There is no indication that the record was

---

19107." Appellant's Response to Thomas Arena's Motion to Strike, 11/18/16, at Exhibit F. Appellant's responses to Appellees' motions to strike are substantially similar. Throughout this Opinion, we will cite Appellant's response to Thomas Arena's motion to strike.

forwarded to the federal court, and the common pleas court continued to accept Appellant's filings.

Appellant served notice of writs of execution on June 29, 2016 and filed praecepies for writs of execution on August 18, 2016. On September 1, 2016, the Massachusetts federal court issued a remand order. Appellees, by and through Philadelphia counsel, filed petitions to strike the confessed judgments on September 23, 2016. In the orders on appeal, the trial court granted Appellees' petitions reasoning that Appellant's confessed judgments failed to comply with the applicable four-year statute of limitations set forth at 42 Pa.C.S.A. § 5525(a)(8).[2] On appeal, Appellant claims Appellees' petitions to strike were untimely, given their ineffective effort to remove this matter to federal court in Massachusetts. He also claims that a statute of limitations defense, if one exists, renders the confessed judgments voidable, but not void, and therefore is grounds for opening the judgments, but not striking them off. Finally, Appellant argues that the confessed judgments were sealed instruments subject to the twenty-year limitations period set forth at 42 Pa.C.S.A. § 5529(b)(1).[3]

---

[2] Section 5525(a)(8) provides a four-year limitations period for: "An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter." 42 Pa.C.S.A. § 5525(a)(8).

[3] Section 5529(b)(1) provides: "Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years." 42 Pa.C.S.A. § 5529(b)(1).

We conclude that Appellees' petitions were untimely, and therefore we vacate the orders striking the confessed judgments. Rule 2959 of the Pennsylvania Rules of Civil Procedure provides that "[i]f written notice [of the writ of execution] is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition to strike the judgment shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." Pa.R.C.P. 2959(a)(3). Appellant filed writs of execution and served written notice in accord with Rule 2959(a)(3) on June 29, 2016. Appellees filed their petitions to strike on September 13, 2016, well beyond the thirty-day deadline. Appellees' petitions were therefore untimely unless they can establish "compelling reasons" for the delay. The reason for the delay in this case is Appellees' disregard for the federal removal statute.

At a status conference on July 19, 2016, the Federal District Court for the District of Massachusetts *sua sponte* raised the issue of Appellees' removal to that district rather than the Eastern District of Pennsylvania. Appellant's Response to Thomas Arena's Motion to Strike, 11/18/16, at Exhibit N, p. 2. "The appropriate district court for removal is the Eastern District of Pennsylvania. The parties have not made any persuasive showing that this Court qualifies under the statute. Thus, removal to this Court is not permitted." ***Id.***

In support of their arguments that they had compelling reasons for their delay, Appellees assert they "had every reason to believe that the Court of Common Pleas had lost jurisdiction over the cases unless and until the matters were remanded." Appellees' Brief at 32. They claim the failure to notify the Philadelphia County Court of Common Pleas of the removal petition was a mere "clerical error involving Massachusetts counsel." *Id.* Massachusetts counsel apparently obtained the wrong address by running a Google search for "Philadelphia court of common pleas." *Id.* at 33. We find these excuses unavailing. Appellees obtained local counsel in Philadelphia **before** they filed their removal petition. We can conceive of no reason, let alone a compelling one, why Appellees' Massachusetts counsel would fail to coordinate with Philadelphia counsel regarding a notice of removal of an action pending in Philadelphia. Likewise, we can conceive of no reason, let alone a compelling one, why any lawyer with access to the Internet could not find the appropriate filing address, nor do we understand Appellees' failure to follow up and ensure the court received the removal notice. Furthermore, even if Massachusetts counsel was unaware of the error regarding the notice of removal, removal to the District of Massachusetts, rather than the Eastern District of Pennsylvania, was facially improper under the plain text of the federal removal statute, as the District Court explained. Appellees' failed removal attempt was the result of several errors or counsel, and we cannot conclude that those mistakes

provided a compelling reason for noncompliance with Rule 2959(a)(3).[4]  We observe that the trial court did not make any detailed findings on this issue, noting only that Appellees' "error" could not defeat their petitions because the underlying judgments were void.  Trial Court Opinion, 12/13/16, at 12 n.37.  Regardless, the facts pertaining to Appellees' failed removal attempt are not in dispute.  We have concluded, as a matter of law, that the undisputed facts do not constitute compelling reasons for untimeliness under Pa.R.C.P. 2959(a)(3).

We now turn to whether the judgments were void or merely voidable.  In **M & P Mgmt., L.P. v. Williams**, 937 A.2d 398, 401 (Pa. 2007), our Supreme Court held that a void judgment, such as a judgment entered where the court lacks subject matter jurisdiction, cannot be made valid by the passage of time.  This case is inapposite, because the trial court's subject matter jurisdiction is not at issue.  Rather, Appellees assert that Appellant filed the confessed judgments after the applicable statute of limitations expired.  The statute of limitations is an affirmative defense, and it is waivable.  Pa.R.C.P. 1030(a); **Griffin v. Central Sprinkler Corp.**, 823 A.2d 191, 195 (Pa. Super. 2003).  Assuming without deciding that Appellant failed to file the

---

[4]  While our courts have not had occasion to consider the meaning of compelling reasons for delay under Rule 2959(a)(3), our Supreme Court has, in other contexts, applied a general rule that attorney error does not, in and of itself, constitute a compelling reason for delay in prosecuting a case. **Marino v. Hackman**, 710 A.2d 1108, 1111 n.6 (Pa. 1998).

confessed judgments within the applicable limitations period, that failure did not excuse Appellees' noncompliance with Rule 2959(a)(3).

On the question of void versus voidable judgments, this Court has written that "[b]y labelling a judgment 'defective' or 'irregular' or 'invalid' one does not dispose of the ultimate issue of whether the defect, irregularity or invalidity renders the judgment void or voidable, but rather merely begs the question." **Keiper v. Keiper**, 494 A.2d 454, 456 (Pa. Super. 1985). A void judgment is one that is "of no effect, potency or value, [and] irretrievably and incurably lost." **Id.** Where the judgment is voidable, the defendant must act, or the judgment will stand on the record as valid. **Id.** at 456-57. Instantly, Appellees' statute of limitations defense, even if apparent from the face of the record,[5] does not render the judgments void. Appellees cite no law holding the applicable limitations period in this case was nonwaivable, or that

_____

[5] A petition to strike a confessed judgment is a demurrer to the record, such that the defect in the judgment is apparent from the face of the record. **Midwest Fin. Acceptance Corp v. Lopez**, 78 A.3d 614, 623 (Pa. Super. 2013). Ordinarily, an affirmative defense such as the statute of limitations should not be raised as a preliminary objection, such as a demurrer. Pa.R.C.P. 1030; **Devine v. Hutt**, 863 A.2d 1160, 1167 (Pa. Super. 2004). The parties dispute whether these principles hold in the context of a motion to strike a confessed judgment. Appellees argue that the presence or absence of a sealed contract is apparent from the face of the record, and therefore their petitions to strike were procedurally appropriate, even though the petitions raise an affirmative defense. This contention, even if accurate, does not save Appellees' untimely petitions because their statute of limitations defense, even if valid, does not render the judgments void. We need not decide whether Appellees' should have filed a petition to open instead of a petition to strike.

Appellant's alleged failure to timely file the confessed judgments deprived the trial court of subject matter jurisdiction. The thirty-day deadline in Pa.R.C.P. 2959(a)(3) applies whether the petition seeks to strike or open a confessed judgment. Pa.R.C.P. 2959(a)(3). The Rule is explicitly mandatory, stating that a petition "shall be filed within thirty days" and that, absent compelling reasons, an untimely petition "shall be denied."[6] Appellees did not file their petitions on time, and did not offer compelling reasons for their untimeliness. Rule 2959 mandates denial under these circumstances. The trial court erred in not doing so.

In addition, we conclude that it was error for the trial court to grant Appellees' petitions to strike the judgments based upon the applicable statute of limitations. The trial court found that the underlying promissory notes (the "Notes") were not filed under seal and are therefore subject to the four-year statute of limitations of 42 Pa.C.S.A. § 5525(a)(8). The Notes each contain an identical statement regarding seal: "Borrower intends this to be a sealed instrument and to be legally bound hereby." **See** Complaint in Confession of Judgment, 5/25/16, at Exhibit A.[7] We conclude this statement is sufficient to

---

[6] "[T]he term 'shall' is mandatory for purposes of statutory construction when a statute is unambiguous." ***Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors***, 923 A.2d 1099, 1104 (Pa. 2007).

[7] The note is a two-page document. The quoted portion appears on the second page in a paragraph titled "Waiver." The note attached to the March 25 complaint erroneously omitted the first page of the note, but Appellant subsequently filed a praecipe to substitute the complete note.

create a sealed document and that the confessions of judgment were subject to the twenty-year statute of limitations of 42 Pa.C.S.A. § 5529(b)(1).

"The application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court." ***Packer Soc'y Hill Travel Agency, Inc. v. Presbyterian Univ. of Pennsylvania Med. Ctr.***, 635 A.2d 649, 651 (Pa. Super. 1993). In ***Beneficial Consumer Discount v. Dailey***, 644 A.2d 789, 789 (Pa. Super. 1994), the borrowers signed a document on which the word "seal" was pre-printed next to their names. When the lender sued for default, the borrowers claimed they did not understand that they were signing a document under seal, and that the four-year statute of limitations should apply. ***Id.*** This Court disagreed, holding that "when a party signs a contract which contains the pre-printed word "SEAL," that party has presumptively signed a contract under seal." ***Id.*** at 790 (citing ***Klein v. Reid***, 422 A.2d 1143 (Pa. Super. 1980), ***superseded by statute on other grounds as stated in Packer***, 635 A.2d at 649)). The borrowers failed to rebut the presumption and thus the 20-year statute of limitations applied. ***Id.*** at 790-91. This Court concluded as follows:

> Unless one distances himself from the pre-printed seal, the other party to a contract should be entitled to rely on the objective manifestations of the maker's actions. There can be no question that the pre-printed "SEAL" is an actual seal and that the [borrowers] signed next to it. The [borrowers] were under no duty to accept the seal, and had every opportunity to inquire about its significance, and signed the agreement freely. We must therefore agree with the trial court that the obligation should be enforced.

*Id.* at 791. Thus, **Beneficial Consumer** holds that a presumption of a sealed document arises where the pre-printed word "seal" appears by the signatures. More significant for present purposes, however, is what **Beneficial Consumer** does not hold. It does not hold that the word "seal" by the signature line is required. Moreover, **Beneficial Consumer** is silent on the circumstances before us—an explicit statement of the parties' intent within the contract unaccompanied by any mark at the signature line. There appears to be no Pennsylvania authority directly controlling the question before us, though a 19th century opinion from our Supreme Court provides some guidance:

> The days of actual sealing of legal documents, in its original sense of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression bears, and the same stamp may serve for several parties in the same deed. Not only so, but the use of wax has almost entirely—and, even of wafers, very largely—ceased. **In short, sealing has become constructive, rather than actual, and is in a great degree a matter of intention.**

*Loraw v. Nissley*, 27 A. 242 (Pa. 1893) (emphasis added).

Given the lack of binding authority governing the precise circumstances before us, we turn to general principles of contract interpretation. "When a contract is clear and unequivocal, its meaning must be determined by its contents alone." *N.E.A. Cross, Inc. Nat'l Fuel Gas Supply Corp.*, 600 A.2d 228, 229 (Pa. Super. 1991), *appeal denied*, 608 A.2d 31 (Pa. 1992).

> The paramount goal of contractual interpretation is to ascertain and give effect to the **intent of the parties**. In

determining the intent of parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly.

*Id.* (quoting ***PBS Coals, Inc. v. Burnham Coal Co.***, 558 A.2d 562 (Pa. Super. 1989), ***appeal denied***, 568 A.2d 1248 (Pa. 1989))(emphasis added). Further, "a contract must be interpreted to give effect to all of its provisions." ***Commonwealth ex rel. Kane v. UPMC***, 129 A.3d 441, 464 (Pa. 2015). "Thus, our Court 'will not interpret one provision of a contract in a manner which results in another portion being annulled.'" *Id.* (quoting ***LJL Transp. v. Pilot Air Freight***, 962 A.2d 639, 648 (Pa. 2009)).

Appellees argue, in essence, that a contract is not under seal **unless** an appropriate mark appears at the signature line, even in the face of a clear statement to the contrary elsewhere in the contract. Nothing in the law governing sealed instruments supports such a holding, and, in our view, the principles of contract interpretation require a different result.[8] Specifically we must give effect to all the provisions in the Notes. Under the trial court's analysis, the parties' clear statement of intent—"Borrower intends this to be

---

[8] Appellees and the trial court rely on ***In re Polkowski***, 303 B.R. 585 (Bankr. M.D. Pa. 2003), wherein the Bankruptcy Court wrote that "a written or printed seal, word, scrawl or other sign appears to be absolutely essential notwithstanding a finding of a party's intention to execute a sealed instrument." *Id.* at 587. In the next sentence, the Bankruptcy Court cites the presumption created by the presence of the word seal at the signature line. *Id.* The holding of a federal bankruptcy court on a matter of state law is, at most, persuasive authority. For the reasons explained in the main text, we do not find ***Polkowski*** persuasive on this point.

a sealed instrument and to be legally bound hereby"—is rendered meaningless. Furthermore, the trial court effectively interprets one part of the Notes to annul another—relying upon on the **absence** of any mark at the signature line to annul a clear, positive statement of the parties' intent—in clear violation of our rules of contract interpretation. ***Cf. See Radio Craft Co. v. Westinghouse Elec. & Mfg. Co.***, 7 F.2d 432, 434 (3d Cir. 1925) (reasoning that "unnecessary presumptions, based upon silence, […] cannot destroy plain, positive provisions of an agreement."). Finally, the contract clearly states that the borrower intends "**this** to be a sealed instrument…." We do not believe it is possible to read the disputed sentence as a mere statement of intent to file a sealed document in the future. To do so would be to ignore unambiguous contractual language.

In light of ***Loraw*** and the principles of contract interpretation referenced above, we conclude that the Notes are instruments under seal in accord with § 5529(b)(1).

Further, we reject Appellees' argument that § 5529 does not apply because the Notes are governed by the Uniform Commercial Code ("UCC"), and because § 5529's twenty-year limit conflicts with the UCC's six-year statute of limitations, which would otherwise apply in this case. ***See*** 13

Pa.C.S.A. § 3118(a).[9]  Section 5501(b) of the Judicial Code provides that "[t]he provisions of Title 13 (relating to commercial code), to the extent that they are inconsistent with this chapter, shall control over the provisions of this chapter."  42 Pa.C.S.A. § 5501(b).  Put simply, there is no direct conflict between § 3118(a) of the UCC and § 5529 of the Judicial Code because § 3118(a) does not expressly apply to instruments under seal.  *Cf. Osprey Portfolio, LLC v. Izett*, 32 A.3d 793, 798 (Pa. Super. 2011) (finding no conflict on the meaning of the word "instrument" as used in §§ 5525 and 5529 of the Judicial Code and as defined in § 3104 of the UCC), *affirmed*, 67 A.3d 749 (Pa. 2013).  Appellees' position would forbid the parties to any instrument governed by § 3118(a) to avail themselves of § 5529(b)(1)'s twenty-year statute of limitations, despite the absence in § 3118 of any reference to sealed instruments.  We would not infer any such limitation on contractual freedom absent an express pronouncement to that effect from the General Assembly or from our Supreme Court.

_____

[9]  Section 3118(a) provides:  "Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.  13 Pa.C.S.A. § 3118(a).

The trial court judge who presided over one of these three consolidated matters found § 3118(a) applicable.  The trial judge presiding over the other two matters did not address the issue because Appellant filed these actions more than six years after Appellees' default.  Thus, it did not matter whether the court applied a four- or six-year statute.

For all of the foregoing reasons, we vacate the orders striking off the confessed judgments and remand for further proceedings consistent with this opinion.

Orders vacated. Case remanded. Jurisdiction relinquished.

President Judge Gantman, President Judge Emeritus Bender, Judge Bowes, Judge Panella, Judge Dubow, and Judge Murray join the opinion.

Judge Ott files a concurring and dissenting opinion in which Judge Lazarus joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/19