J-A20016-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| RYAN D. SHARBONNO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE INGROS FAMILY, LLC AND | : | |
| JEFFREY S. INGROS | : | |
| | : | No. 8 WDA 2020 |
| Appellants | : | |

Appeal from the Order Entered December 19, 2019
In the Court of Common Pleas of Beaver County Civil Division at No(s):
No. 31137-2018

| RYAN D. SHARBONNO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE INGROS FAMILY, LLC AND | : | |
| JEFFREY S. INGROS | : | |
| | : | No. 9 WDA 2020 |
| Appellants | : | |

Appeal from the Order Entered December 19, 2019
In the Court of Common Pleas of Beaver County Civil Division at No(s):
No. 33331-2018

BEFORE:   BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 09, 2020

Appellants, The Ingros Family, LLC and Jeffrey S. Ingros, appeal from the orders entered on December 19, 2019, dismissing, as untimely, their petitions to strike and/or open two confessed judgments.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

[] Ryan D. Sharbonno [(Sharbonno)] is an adult individual domiciled [in] Aliquippa, Beaver County[,] Pennsylvania[,] 15001. [Appellants operate] a business located [in] Beaver County, Beaver, Pennsylvania, 15009. On May 3, 2018, [Sharbonno] filed a complaint in confession of judgment against [Appellants] at case number 31137-2018 in the amount of $60,000[.00]. On November 20, 2018, [Sharbonno] filed a second complaint in confession of judgment against [Appellants] at case number 33331-2018 in the amount of $460,000[.00]. Both complaints and confessions of judgment are based on a promissory note that [Sharbonno] and [Appelllants] entered into on April 16, 2018.[1] In accordance with Pa.R.Civ.P. 2958.1, counsel for [Sharbonno] served notices of intention to execute on the judgments upon [Appellants] on May 2, 2019, which required the filing of a petition to strike or open the judgment[s] within 30 days of service in order to potentially avoid execution.

The attorneys [for both parties] agreed to an extension for [Appellants] to respond to the confessed judgments until June 14, 2019. On or about June 14, 2019[,] counsel for [Appellants] mailed petitions to strike and/or open the judgments in each of the cases [(one for each confessed judgment)] to the Prothonotary of Beaver County. The Prothonotary did not receive and file/docket the petitions until June 17, 2019. Thereafter, [Sharbonno] filed motions to strike the petitions as untimely filed. [The trial court] held argument on these issues on November 13, 2019.

Trial Court Opinion, 12/19/2019, at 1-2.

In a single order and opinion entered on December 19, 2019, the trial court granted Sharbonno's motions to strike the petitions to open and/or strike the confessed judgments. In addition, the court denied Appellants' petitions

_____

1    In April 2018, Sharbonno loaned Appellants $400,000.00. In return, Appellants executed a promissory note that contained a clause permitting Sharbonno to confess judgment on Appellants' behalf for all sums that had become due but remained unpaid, including principal, interest, and attorneys' fees, if the loan were not repaid in a timely manner.

to strike and/or open the judgments. These timely appeals resulted.[2] On appeal, Appellants present the following issues for our review:

1. Did the [trial c]ourt err in holding that the [p]etitions [to strike and/or open judgment] were not timely filed?

2. Did the [trial c]ourt err in holding that the [p]etitions [to strike and/or open judgment] were required to be presented to the judge within 30 days?

3. Did the [trial c]ourt overlook the case law holding that a void judgment may be stricken at any time?

4. Was the second confessed judgment void because the warrant of attorney had been "exhausted" by the first confession?

5. Did the petition to open set forth prima facie grounds for relief?

Appellants' Brief at 4 (unnecessary capitalization omitted).

Initially, we note "[a] petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable." Neducsin v. Caplan, 121 A.3d 498, 504 (Pa. Super. 2015). Accordingly, we adhere to the following principles:

A confessed judgment will be stricken only if a fatal defect or irregularity appears on the face of the record. A judgment by confession will be opened if the petitioner acts promptly,

_____

[2] On January 2, 2020, Appellants filed timely, separate notices of appeal in each case. On January 7, 2020, the trial court ordered Appellants to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 16, 2020. On January 17, 2020, pursuant to Pa.R.A.P. 1925(a), the trial court entered an order relying upon its earlier decision issued on December 19, 20199 as its rationale for denying Appellants relief. On March 31, 2020, Appellants applied to this Court to consolidate the appeals. By per curiam order filed on April 3, 2020, we granted the application to consolidate the appeals and allowed Appellants to brief and argue a single appeal.

- 3 -

alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. In adjudicating the petition to strike and/or open the confessed judgment, the trial court is charged with determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury. A meritorious defense is one upon which relief could be afforded if proven at trial.

In examining the denial of a petition to strike or open a confessed judgment, we review the order for an abuse of discretion or error of law.

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

When determining a petition to open a judgment, matters dehors the record filed by the party in whose favor the warrant is given, i.e., testimony, depositions, admissions, and other evidence, may be considered by the court.

Ferrick v. Bianchini, 69 A.3d 642, 647 (Pa. Super. 2013) (internal citations and ellipsis omitted) (emphasis added).

In developing their first claim, Appellants point out that, when a judgment creditor serves written notice of entry of a confessed judgment, a petition to strike and/or open must be filed within 30 days under Pa.R.Civ.P. 2959(a)(3). Appellants maintain that this provision is inapplicable here because "the parties agreed to extend the time for [Appellants] to file petitions." Appellants' Brief, at 11, citing Pa.R.Civ.P. 2959. More specifically,

Appellants assert "[t]he parties ultimately agreed to extend the time to respond to the confessed judgments until June 14, 2019[3]" and the agreement was "confirmed by e-mail exchange." Id. at 7. As such, Appellants contend "Sharbonno waived the issue of timeliness by his agreement to extend the time for filing petitions." Id. at 10. Appellants acknowledge that "the [p]etitions [to open/strike the judgments] were not received by the Prothonotary until June 17, 2019, one business day later" than the agreed upon date. Id. Nevertheless, Appellants argue that "[f]ollowing [] waiver [by prior agreement], it was an abuse of discretion [for the trial court] to dismiss the petitions on the grounds that they were received by the Prothonotary one [business] day after the agreed upon extension." Id. Appellants contend that "[b]ased upon the [agreed upon] extension, the terms of Rule 2959(a)(3) do not literally apply." Id. at 11. Moreover, Appellants argue that "[c]ounsel for Sharbonno actually received [Appellants' p]etitions by the due date" and "[t]he fact that the [p]etitions were received by the Prothonotary one business day later should not permit [] default[.]" Id. Appellants argue that the trial court should have ignored their insubstantial non-compliance with procedural deadlines under principles of equity and a liberal construction of the procedural rules. Id. at 11-13.

Pennsylvania Rule of Civil Procedure 2959 provides, in pertinent part:

_____

[3] June 14, 2019 was a Friday.

Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief from a judgment by confession shall be sought by petition. [...A]ll grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition.

\*          \*          \*

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

Pa.R.C.P. 2959.

In interpreting timeliness under Rule 2959, an en banc panel of this Court has stated:

The thirty-day deadline in Pa.R.C.P. 2959(a)(3) applies whether the petition seeks to strike or open a confessed judgment. Pa.R.C.P. 2959(a)(3). The Rule is explicitly mandatory, stating that a petition "shall be filed within thirty days" and that, absent compelling reasons, an untimely petition "shall be denied."

Driscoll v. Arena, 213 A.3d 253, 258 (Pa. Super. 2019) (en banc). The Driscoll Court recognized that "the term 'shall' is mandatory for purposes of statutory construction when a statute is unambiguous." Id. at 258 n.6 (citation omitted).

In this case, the trial court determined:

[...C]ounsel [for Appellants] did not file [their] petition[s] to strike off or open the judgments within [30] days of the date of service of the notice to execute on the judgments. It is clear from the record at argument that the parties to this action agreed to extend the deadline, but that additional deadline was also not complied with in addition to the original [30]-day requirement under Rule 2959. [...]Additionally, [Appellants] have not presented any compelling reason for the delay. Even if [the trial c]ourt recognized the additional time to file that counsel agreed to,

- 6 -

[Appellants] still failed to file within that deadline and failed to meet the requirements of the civil rules. Therefore, [Appellants'] petitions to open [and/or strike] were not timely filed.

Trial Court Opinion, 12/19/2019, at 4.

Upon review, we agree with the trial court's assessment. Here, there is no dispute the parties agreed to a specific, extended date by which Appellants needed to file their petitions to strike and/or open the confessed judgments. Thus, the first provision of Rule 2959(a)(3), stating that a petition must be filed within 30 days of written notice pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), was inapplicable herein, as Appellants point out. Notwithstanding, Appellants admit that their petitions to strike and/or open the judgments in this matter were filed three days, or one business day, after the agreed upon extension date. As such, Appellants' petitions to strike and/or open judgment were patently untimely.

Furthermore, the second provision of Rule 2959(a)(3) states that unless there is a demonstration of compelling reasons for the delay, a petition not timely filed shall be denied. See Pa.R.C.P. 2959(a)(3). This Court has excused non-compliance with procedural deadlines, but only for compelling reasons. Appellants have not offered any reason for their delay in filing the petitions outside the extended deadline. Quite simply, Appellants failed to abide by the terms of their own filing agreement without offering a compelling reason for the delay. See Landis v. Richmond, 378 A.2d 365, 366 (Pa. Super. 1977) (en banc) ("No explanation was averred in the petition to open. Whether or not a meritorious defense was set forth is thus irrelevant. The

lower court abused its discretion in granting relief to a petitioner who failed to act with reasonable promptness."). Based upon this record, applicable case law, and our standard of review, we discern no trial court abuse of discretion or error of law in dismissing Appellants' petitions as untimely. Accordingly, Appellants' first issue lacks merit.

In support of their second issue presented, Appellants aver, in sum:

> The [trial] court [] held that [Appellants were] required to "present" [the] petitions to strike and/or open the judgments within 30 days. However, there is no court rule or other authority which sets a time limit for presentation of a petition to strike or open judgment. Under Pa.R.Civ.P. 2959(a)(3), the petition must be filed within 30 days. There is no requirement for presentation within 30 days.

Appellants' Brief at 13 (record citations omitted; emphasis in original).

Here, the trial court determined that under the notice of judgment and execution requirements pursuant to Pa.R.Civ.P. 2964:

> [] Pa.R.Civ.P. 2958.1, Notice Served Prior to Execution, states "[a] written notice substantially in the form prescribed by Rule 2964 shall be served on the defendant at least thirty days prior to the filing of the praecipe for a writ of execution." The Court in Thomas Assocs. Investigative & Consulting Servs., Inc. v. GPI LTD., Inc., 711 A.2d 506, 509 (Pa. Super. 1998) addressed the prescribed form of notice which states in part, "YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU OR YOU MAY LOSE YOUR RIGHTS." Pa.R.Civ.P. 2964.

Trial Court Opinion, 12/19/2019, at 3.

Upon review, we observe the following. The 30-day period for filing a petition to strike and/or open a confessed judgment, as set forth in Pa.R.C.P.

2959, is triggered, inter alia, by service of a written notice under Pa.R.C.P. 2956.1(c)(2). Rule 2956.1(c)(2), in turn, conditions execution upon a confessed judgment on the service of notice prescribed by Pa.R.C.P. 2958.1. Rule 2958.1 incorporates a notice form prescribed by Pa.R.C.P. 2964. The form prescribed in Rule 2964 directs a judgment debtor who seeks relief to file a petition for relief and to present the petition to a judge within 30 days. Pa.R.C.P. 2964 (emphasis added). Contrary to Appellants' contention, our rules of civil procedure provide authority and set a time limit for the presentation to a judge of a petition to strike and/or open a judgment.[4] Therefore, we conclude that the trial court did not err in determining that "presentation" did not occur in a timely manner.

Appellants' third and fourth issues are somewhat related and both pertain to the petitions to strike, so we will examine them together. Appellants claim that the judgments were facially void and that, even if the "petitions were not timely, the law is clear that a void judgment can be stricken at any time." Appellants' Brief at 13. More specifically, Appellants claim that the second confessed judgment in this case "is based upon the same Note (and warranty of attorney) employed to confess the first judgment" and "Pennsylvania law is clear that the first confession 'exhausted' the warrant of attorney." Id. at 16. Therefore, Appellants argue "the second confessed

_____

[4] It is through this mechanism that the debtor "presents" the petition to the court and secures a rule to show cause. In this case, the trial court was not presented with the petitions, so it did not err in failing to issue a rule to show cause.

judgment is void and should have been stricken." Id. Appellants argue that because the judgments are facially void, the untimeliness of their petitions to strike does not preclude relief because void judgments may be stricken at any time. To resolve this issue, we must ascertain whether the confessed judgments were void or merely voidable.

A court must deny an untimely petition to strike unless the defendant shows: (1) a compelling reason for his failure to timely seek relief, or; (2) that the confessed judgment is void. Driscoll, 213 A.3d at 257-258; see also Ferrick, 69 A.3d at 647 (a confessed judgment is subject to an order to strike only if a fatal defect or irregularity appears on the face of the record).

This Court has recently discussed the difference between void and voidable judgments:

> [A] void judgment, such as a judgment entered where the court lacks subject matter jurisdiction, cannot be made valid by the passage of time.
>
> *      *      *
>
> A void judgment is one that is of no effect, potency or value, and irretrievably and incurably lost. Where the judgment is voidable, the defendant must act, or the judgment will stand on the record as valid.

Driscoll, 213 A.3d at 257. Here, the trial court determined that the judgments at issue were not void upon their face. Trial Court Opinion, 12/19/2019, at 5. Upon review, we agree.

We have stated:

> A warrant of attorney "constitutes a grant of authority by one contracting party to the other, upon the happening of a certain

- 10 -

> event, i.e., a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, i.e., a judgment." TCPF Ltd. P'ship [v. Skatell], 976 A.2d [571,] 575, n.5 [(Pa. Super. 2009)]. The general rule in Pennsylvania is that "a warrant of attorney to confess judgment may not be exercised twice for the same debt." Id. at 575 (citations omitted).
>
> However, we recognized in Dime Bank [v. Andrews, 115 A.3d 358, 369 (Pa. Super. 2015)], that "under certain circumstances, and to certain extents, parties to a note may waive this rule, allowing for multiple exercises of a warrant of authority to confess judgment." Andrews, 115 A.3d at 369 (citations omitted). This is because a warrant of attorney is a contractual agreement and the parties to the contract are free to determine the extent of the power the warrant confers, including the number of times the holder of the warrant may exercise it. Id.[;] See also Dominic's Inc. [v. Tony's Famous Tomato Pie Bar & Restaurant, Inc.], 214 A.3d [259,] 274 [(Pa. Super. 2019)] (finding that although appellee did not properly aver notice of nonpayment and cure period, note allowed appellee "to confess judgment as many times as necessary until payment in full of all amounts due; so, [a]ppellee did not exhaust the warrant of attorney in this flawed attempt to confess judgment").

SDO Fund II D32, LLC v. Donahue, 234 A.3d 738, 743 (Pa. Super. 2020).

Upon our review of the record (and similar to the facts set forth in SDO Fund II D32), the plain language of the warrant of attorney clause in the parties' promissory note empowered Sharbonno to confess judgment as many times as necessary until he received payment in full. Although Appellants claim the first judgment barred the second, this contention is without merit as contractual parties may waive the general rule barring successive exercise of a warrant of attorney clause for the same debt, as the parties have done here. Id. at 744, citing Dime Bank, 115 A.3d at 369. Appellants do not dispute this. Based upon all of the foregoing, the trial court properly determined that

the judgments were not facially void. The record herein is self-sustaining and, thus, based upon our standard of review and applicable law, the trial court properly denied Appellants' petitions to strike. SDO Fund II D32, 234 A.3d at 744. As such, Appellants' third and fourth issues lack merit.

Finally, Appellants claim they presented meritorious defenses, which required the trial court to open the judgments. Id. at 18. Appellants claim their petitions raised the following prima facie grounds for relief: (1) the amount owed is in dispute; (2) the second judgment was barred by the prior pending action;[5] (3) the two judgment amounts are inconsistent, so both judgments must be set aside. Id. at 19-21.

As previously mentioned, a confessed judgment will be opened only if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. Ferrick, 69 A.3d at 647. Here, the trial court determined that Appellants did not act promptly when they filed their petitions to open after a specific, agreed upon date, without any reason for the delay. We agree that Appellants have failed to show that they acted promptly. In addition, Appellants were permitted to submit evidence dehors the record, i.e., testimony, depositions, and/or admissions, to support their petitions to open.

_____

[5] We already examined this claim in relation to the petitions to strike. Appellants' exhaustion argument goes to whether the judgments were facially void/voidable because whether the first exercise of the warrant of attorney bars a second exercise of that power turns on whether the terms of the Note permits successive uses of the power. As such, as discussed above, timeliness was essential on this claim.

*Id.* However, upon review, Appellants did not provide any additional evidence to support their alleged defenses. Appellants baldly alleged the amount due is in dispute without any supporting documentation or testimony. Moreover, as explained above, the parties agreed to permit Sharbonno to exercise the warrant of attorney clause as many times as needed to receive payment in full. Thus, Sharbonno retained the authority to file two separate confessed judgments under the parties' agreement. While Appellants claim the two judgments are inconsistent, Appellants have not provided evidence that the total amount of the two confessed judgments exceed the amount due under the promissory note, including, inter alia, the principal and unpaid interest still owed on the promissory note, as well as the contractual costs and fees associated with default. As such, we conclude Appellants failed to act promptly in filing their petitions to open and to provide evidence that supported their proffered defenses. Hence, the trial court properly dismissed Appellants' petitions to open and Appellants' final claim is without merit.

Accordingly, for all of the foregoing reasons, Appellants are not entitled to relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   12/9/2020